ANSELM
*vs.*
WILSON.

### ANSELM *vs.* WILSON.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

| 8L | 35 |
| 44 | 573 |
| 8L | 35 |
| 104 | 140 |
| 8 | 35 |
| c114 | 443 |
| 114 | 444 |

Where a defendant is sued on his promissory note, and alleges error, that
the amount and consideration for which it was given was paid to another
person who was to save him harmless, and whom he calls in warranty:
*Held*, that it is not such a case of simple or personal warranty as authorises
a delay for calling in the warrantor.

On a motion for a continuance on an affidavit that the defendant could
prove payment to a third person, who was to save him harmless: *Held*,
that the continuance was properly refused, when the fact to be proved
would not have benefited the party applying for it.

This is an action on a promissory note executed by the
defendant, for the sum of three hundred and fifty dollars,
payable to the plaintiff.

The defendant admits the execution of the note, but denies
she is liable.  She avers the note was given in error, that the
sum which forms the amount and consideration of the note,
was paid by her to Joseph Erwin, in his lifetime, who bound
himself to hold her harmless against the claim of the plaintiff.
She prays that Mrs. L. Erwin, who has accepted her
husband's succession, be called in warranty to assist in
defending this suit, and that she pay one-half of any
judgment that may be rendered against this defendant.

On motion of the counsel for the plaintiff, so much of the
answer as relates to the call in warranty was stricken out.

The defendant applied for a continuance, on affidavit filed,
stating that she expected to prove by certain witnesses, that
the plaintiff's claim had been wholly, or in part paid, as set
forth in the answer.  A commission had been taken out, but
not returned to take this testimony.  The continuance was
refused.

Judgment was rendered for the amount of the plaintiff's claim against the defendant, on the 2d November, 1833. From this judgment the defendant appealed. During the pendency of the appeal, the defendant died.

*Labauve* for the plaintiff and appellee, suggested to this court the death of the appellant, since the return day of the appeal, and moved for leave to cite in her legal representatives. The court ordered them to be cited to appear on the first Monday in March, 1834.

Service was made on D. D. Chesnut, as testamentary executor of the deceased appellant. Chesnut denied that he was executor. Uppon this allegation, this court made the following order in writing:

*Martin, J.,* delivered the order of the court.

The death of the defendant and appellant having been suggested to this court in January last, leave was given to the plaintiff and appellee to bring in the legal representative of the deceased party. He accordingly had D. D. Chesnut cited, in his character of testamentary executor of Mrs. Eliza Wilson, deceased, to defend and prosecute this appeal in her place. This person has appeared and denied that he is the executor. This forms an issue which cannot be tried in this court.

It is, therefore, ordered that this cause be remanded to the District Court, with directions to have the issue tried of *executor vel non.*

On the return of the case to the District Court, and upon the production of the exemplification of the order of the Court of Probates, for the parish of Iberville, admitting the will of Mrs. Wilson to probate, which *appoints* and institutes Mr. D. D. Chesnut executor, he was declared to be her testamentary executor accordingly.

The appeal in this cause was heard on the defence of the testamentary executor.

*Labauve* for the plaintiff.

*Stacy & Ives* for defendant and appellant.

*Bullard, J.,* delivered the opinion of the court.

The appellant seeks to procure the reversal of the judgment rendered in this case, on the two following grounds: first, that the court erred in rejecting the call in simple or personal warranty; and second, that a motion for continuance, based on the affidavit of the defendant's counsel, was improperly overruled.

The suit was brought to recover the amount of a promissory note subscribed by the defendant. She admits her signature, but alleges error, and that she had paid Joseph Erwin the amount before the note was given, and that he had promised to save her harmless against the note, and became her warrantor. She prays that he may be cited in warranty. The court afterwards, on motion, rejected the call in warranty.

We are of opinion the court did not err. This does not, in our opinion, present a case of simple or personal warranty, within the meaning of that part of the code which authorises delay for calling in the warrantor. There does not appear to have existed any privity between the plaintiff and Joseph Erwin, who was a stranger to the contract sought to be enforced. *Code of Practice, art.* 379, *et seq.* 5 *Merlin's Rep. verbo garantie simple.*

The continuance was, in our opinion, properly refused. The fact of payment either in whole or in part, which the party expected to prove by the absent witness, was not a payment of the note sued on, to the holders, but a payment to Erwin, before the date of the note, of which it is not pretended the plaintiff was conusant. If the defendant was not entitled to a delay, in order to have her recourse in warranty, she was not entitled to a continuance in order to prove the facts on which her claim in warranty was founded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*[Margin note:]* Where a defendant is sued on his promissory note, and alleges error, that the amount and consideration for which it was given, was paid to another person, who was to save him harmless and whom he calls in warranty: *Held*, that it is not such a case of simple and personal warranty, as authorises a delay for calling in the warrantor.

On a motion for a continuance on an affidavit, that the defendant could prove payment to a third person, who was to save him harmless: *Held*, that the continuance was properly refused, when the fact to be proved would not have benefitted the party applying for it.