JOHN H. A. FROST *v.* GEORGE HARRISON, tutor. JOS. CARMENA, |8 123|
Warrantor.*                                                      |e114 444|

A promise to pay may, in the absence of any contradictory circumstances, be taken as sufficient
*prima facie* evidence of a regular presentment and notice.

APPEAL from the District Court, Seventh District, *Sterling,* J.   *U. B. & E.
Phillips,* for plaintiff.   *Brewer & Collins,* for defendant.   *Ratliff,* for war-
rantor.

SLIDELL, J. This is an action to recover of the testamentary heirs of *John
C. Morris* the balance due on a bill of exchange, drawn by *C. McDermott* on
*J. H. Leverich & Co.,* to the order of and endorsed by *J. C. Morris.*

There was judgment for the plaintiff in the Court below, and the defendant
has appealed.

It does not appear whether the bill was or was not duly presented at matur-
ity to the drawees. But it is proved that about three months after its maturity,

---

* *Carmena* was called in warranty, on the ground that he had guaranteed the payment of the
note. He excepted, alleging that he was no party to the note sued on.

FROST
*v.*
HARRISON.
the drawees, being then partially in funds of the drawer, paid the plaintiff $343 94 on account, and that subsequently *Morris* made a settlement of his accounts with *Frost*, and promised to pay the balance.    If it were shown affirmatively that there had been *laches* on the part of the holders in not presenting the bill for payment to the drawees, and so *Morris* had been discharged, his subsequent promise, made in ignorance of such discharge, might not bind him. But without any proof of such *laches*, we are permitted to infer an existing obligation to pay, moving and supporting the promise, and must hold the defendant to it.    Or to state the legal result in other words, a promise to pay may, in the absence of any contradictory circumstances, be taken as sufficient *prima facie* evidence of a regular presentment and notice.  See 7 Annual, p. —.

We think the Court did not err in dismissing the call in warranty.    There was no privity of contract between *Carmena* and *Morris*.

Judgment affirmed, with costs.

Re-hearing refused.