## BULTMAN v. WOOD.*
### No. 16049.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

Azzo J. Plough, of New Orleans (James F. Galloway, of Gulfport, Miss., of counsel), for appellant.

Legier, McEnerny & Waguespack, of New Orleans, for appellee Mabel Fontane Wood.

WESTERFIELD, Judge.

Plaintiff brought this suit against Mrs. Mabel Fontane Wood on six rent notes of

$45 each, or a total of $270. Mrs. Wood answered admitting her signature to the lease and rent notes and averred that at the time the lease and notes were executed she was living with her late husband, Dr. Wallace Wood, Jr., and that the property leased was occupied by herself and her husband as their matrimonial domicile and that the notes sued on, though signed by her, were executed on behalf of the community of acquêts and gains existing between herself and her husband, and that, if there be any liability on the notes, the succession of her late husband should be condemned, but, in the alternative and in the event that she was held to be liable, she asked that a similar judgment be rendered in her favor and against the succession of her husband, calling the succession in warranty for that purpose.

The succession, thus impleaded, filed an exception of no cause of action and a plea to the jurisdiction ratione materiae. The exceptions were overruled. An answer was filed on behalf of the succession admitting the marriage and the fact that defendant was living with Dr. Wallace Wood, Jr., at the time the lease was signed and asked for the dismissal of the call in warranty.

After a hearing on the merits, there was judgment in behalf of plaintiff and against defendant as prayed for and in favor of defendant as prayed for against the succession of her husband on the call in warranty. An appeal was taken on behalf of the succession to this court.

It was conceded in argument and in brief that the judgment against defendant was properly rendered, the contention now being limited to the judgment on the call in warranty.

The first question to be determined, that raised by the exception of no cause of action, is the right of the defendant to call the succession of her late husband in warranty.

Article 378 of the Code of Practice defines warranty as follows:

"The obligation which one contracts to defend another in some action which may be instituted against him is termed warranty. The one who has contracted this obligation is called the warrantor."

Article 379 of the Code of Practice provides:

"Warranty may be of two kinds, real or personal.

"Real warranty is that which arises in real or hypothecary actions; as when a purchaser is sued in eviction of an immovable property which has been sold to him.

"Personal warranty is that which takes place in personal actions; it arises from the obligations which one has contracted to pay the whole or a part of a debt due by another to a third person."

The theory of the defendant is that since under the pertinent articles of the Civil Code marriage is regarded in no other respect then as a civil contract, and since the husband and wife owe to each other mutual fidelity, support, and assistance and the husband is obliged to supply his wife with whatever is required for the convenience of life in proportion to his means and condition (C.C. arts. 88, 119, 120), the provision for living quarters and the rent thereof is an obligation of the husband which should be discharged by the community and one for which the succession of her husband is responsible. Realizing that warranty springs from a contract, ingenuous counsel points to the marriage contract as the basis of the call in warranty.

It is true that the law imposes upon the husband the obligation of supplying his wife with the conveniences of life and there can be no doubt that a house in which to live and maintain the marital domicile is one of such conveniences. It is also true, as the record establishes, that the rent notes sued on were given for rent of a home used jointly by Dr. Wallace Wood, Jr. and his wife, Mabel Wood, as their residence in the city of New Orleans. It may be that the succession of Wallace Wood, Jr., is indebted to Mrs. Wood for the amount of the notes, but, as to that, opposing counsel contends that the cause of action is not among those causes mentioned in Civil Code, art. 2446, for which the wife may sue the husband. Viguerie v. Viguerie, 133 La. 406, 63 So. 89. On this point, however, we express no opinion.

In executing the lease and rent notes, defendant undertook to discharge an obligation of the community. She admits that the judgment rendered against her is correct. Act No. 283 of 1928. This admission involves the concession that she owed the money represented by the notes sued on. Whether her husband should have discharged the obligation which she assumed is beside the question. He was not

a party to the lease or a signatory to the notes. There was no privity. Defendant's husband did not contract to pay the notes of defendant within the codal definition of personal warranty as arising from "the obligations which one has contracted to pay the whole or a part of the debt due by another to a third person."

In Frost v. Harrison, 8 La.Ann. 123, the Supreme Court held that a party who had guaranteed the payment of a note sued on could not be called in warranty because there was no privity of contract between him and the plaintiff in the suit, as he was not a party to the note.

In Hackett v. Schiele et al., 19 La.Ann. 67, the court held that a defendant sued on a promissory note was not entitled to have a third party called in warranty upon the ground that the proceeds of the note inured to the benefit of the third party.

The syllabus of Butler v. Stewart, 18 La.Ann. 554, reads:

"When a defendant, sued on his promissory note, alleges that a third person has, for a valuable consideration, contracted to pay the note and save the defendant harmless; * * * the [trial] court properly refused to allow the defendant to call such third person in warranty, there being no privity between the plaintiff and the party sought to be called in warranty."

In Anselm v. Wilson, 8 La. 35, defendant was sued on a promissory note and admitted the execution of the note, but denied liability upon the ground that "the sum which forms the amount and consideration of the note, was paid by her to Joseph Irwin, in his lifetime, who bound himself to hold her harmless against the claim of the plaintiff." She prayed that Mrs. L. Irwin, who accepted her husband's succession, be called in warranty "to assist in defending this suit, and that she pay one-half of any judgment that may be rendered against this defendant." The lower court declined to permit the call in warranty and its action was approved by the Supreme Court in the following language:

"We are of opinion the court did not err. This does not, in our opinion, present a case of simple or personal warranty, within the meaning of that part of the code which authorizes delay for calling in the warrantor. There does not appear to have existed any privity between the plaintiff and Joseph Irwin, who was a stranger to the contract sought to be enforced. Code of Practice, art. 379, et seq.; 5 Merlin's Rep. verbo garantie simple."

See, also, Muntz v. Algiers & Gretna R. R. Co., 114 La. 437, 38 So. 410.

Our conclusion is that the exception of no cause of action, addressed to the call in warranty, should have been maintained.

For the reasons assigned, the judgment appealed from, in so far as it runs in favor of Mrs. Mabel Fontane Wood and against the succession of her husband, Dr. Wallace Wood, is reversed, and it is now ordered that the exception of no cause of action filed on behalf of the succession of Dr. Wallace Wood be and the same is hereby maintained.

In all other respects, the judgment appealed from is affirmed.

Costs to be paid by defendant-appellee.

Reversed in part; affirmed in part.

JANVIER, J., takes no part.