CHARLES Q. BUTLER *v.* WM. B. STEWART.

Where it appears by the petition that the defendant is indebted to the plaintiff by reason of a negotiable promissory note, endorsed in blank ; *Held :*—That the petition is sufficient and discloses a cause of action ; and the averment that the plaintiff is the holder and owner of the note sued on, is not absolutely necessary, as it is a necessary inference from the allegation that the indebtedness of the defendant is on account of the note sued on.

Courts will not order the plaintiff in an action to answer interrogatories on facts and articles, when, if confessed or answered in the affirmative, they would establish no defence to the action; or when they look to the establishment of a defence not set up in the pleadings.

When a defendant, sued on his promissory note, alleges that a third person has, for a valuable consideration, contracted to pay the note and save the defendant harmless; *Held:*—That the Court properly refused to allow the defendant to call such third person in warranty, there being no privity between the plaintiff and the party sought to be called in warranty.

APPEAL from the District Court of the Parish of Natchitoches, *Lewis, J.* *Henry Gray*, for appellant. *Pierson & Levy*, for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. The petition represents that the defendant is indebted to the plaintiff in the sum of $682, with eight per cent interest per annum, from the 13th day of February, 1862, till paid, on a promissory note

signed by the said William B. Stewart, dated 3d June, 1861, for said capital sum, with said rate of interest, payable on the 13th February, 1862, for value received, to W. M. D. Cauthorn or bearer.

The defendant excepted that the plaintiff does not set out any cause of action in his petition in this, that he alleges that defendant is indebted unto him on a promissory note given to W. M. D. Cauthorn; but plaintiff does not aver that the note was delivered to him, or that he is the holder or owner of the same. Plaintiff avers that defendant is indebted unto him, but does not state how that indebtedness or liability accrued to plaintiff from defendant.

These exceptions were overruled by the Court. We are of opinion that the Court decided correctly.

The petition clearly states that the indebtedness of defendant, in favor of the plaintiff, is upon this note, which is sufficiently described to advise the defendant of the cause of action. The statement that the defendant is indebted to the plaintiff on the note, virtually and substantially carries with it the idea that plaintiff is the holder and owner of the note ; for if the plaintiff did not hold the note, the defendant would not and could not be indebted to him on that note.

In his answer on the merits, the defendant admitted the execution of the note sued on, and denied that the same belonged to the plaintiff, or that he had any beneficial interest therein; and he propounded to the plaintiff the following interrogatories :

1. Are you the bona fide owner or holder of the note sued on in this case ?

2. If recovery be had against the defendant, will you be entitled to the proceeds ? Is the note not the property of the original payee ? Has any person besides yourself an interest in said note ; and, if so, state the name of such person ?

The Court refused to order plaintiff to answer said interrogatories. We are of opinion that the Court did not err.

The defendant made no defence against the note, no plea in compensation or reconvention. Whatever might have been the answers to the interrogatories, they would not have prevented a recovery, and it would have been a vain thing to order the plaintiff to answer. The defendant had no interest to know whether the plaintiff was really owner of the note or acted as agent of the payee, so long as he had no defence to make against the latter, either for want of consideration, or had no plea in compensation or reconvention.

The defendant also prayed to call in warranty one H. Rabrun, upon the following instrument of writing :

"I hereby agree to pay a note given by W. B. Stewart to W. M. Cauthorn, for six hundred and eighty-two dollars, dated January 3d, 1861, due 15th February, 1862, for value received.

(Signed)        H. RABRUN,"

The Court refused this call in warranty. We are of opinion that the Court decided correctly. There is no privity between plaintiff and this H. Rabrun. *Anselm* v. *Wilson*, 8 La. R. 37.

We are satisfied that the judgment rendered in favor of plaintiff for the amount of the note, is just and according to law.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.