## No. 3188.—MARY B. WADDILL *v.* PAYNE & HARRISON.

A judgment rendered without legal citation to the defendant is absolutely null and void, and the nullity may be shown by any party in interest, wherever and whenever it is sought to be enforced.

The nullity of a judgment resulting from failure to cite the defendant may be urged before the court having jurisdiction of the property sought to be made liable to it, although it may have been rendered in another parish by a court which did not have jurisdiction of the property, and the party interested may, before the court having jurisdiction of the property stay its execution by the writ of injunction pending the inquiry into its nullity. 23 An. 557.

The fact that the judge *a quo* has pronounced a citation good and sufficient, and has rendered a judgment thereon, which has not been appealed from, and has thereby become final, does not conclude the defendant or any other party interested from urging its nullity for want of citation whenever and wherever it is sought to be enforced.

A citation must be addressed to the defendant and served upon him or his agent. A citation addressed to a third party and served upon the defendant is not binding upon and will not authorize a judgment against the defendant. A citation addressed to a third party, who is the authorized agent of the defendant, and served upon him, is not binding upon and will not authorize a judgment against the defendant.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough,* J. *E. D. Farrar,* for plaintiff and appellant. *J. Hawkins,* for plaintiff, on rehearing. *Breaux & Fenner,* for defendants and appellees.

TALIAFERRO, J. The plaintiff enjoins the sale of certain lands seized by the defendants under *fieri facias* as judgment creditors of Charles J. Hester. She alleges that she is in possession of the lands seized as owner, having bought the same at a sheriff's sale made on

the third of April, 1869, under execution issued against Hester at the suit of Biddy Graham, tutrix and administratrix, *v.* C. J. Hester. She exhibits the sheriff's deed as a muniment of title.

The defendants answer:

*First*—That plaintiff's petition discloses no cause of action.

*Second*—That defendants having prior special mortgages on the property when sold at the suit of Graham *v.* Hester, the plaintiff was compelled to assume the payment of all prior existing special mortgages; she has, therefore, no interest to justify her in bringing this suit; that she can only pay the defendants' debt secured by their mortgages upon the land or give up the land.

Judgment in the court below was rendered in favor of the defendants, dissolving the injunction, and the plaintiff has appealed.

This suit is the protraction of a litigation that was commenced between these parties in October, 1869. Payne & Harrison having seized these same lands under their judgment against Hester, recognizing their mortgages, Mrs.. Waddill took out an injunction to prevent their being sold. The injunction was dissolved by the district court and she appealed to this court. The judgment of the district court was reversed by this court, principally on the ground that the seizing creditors, not having shown that their acts of mortgage contained the non-alienation clause, could not attack the title and possession of Mrs. Waddill by a direct seizure under an execution against a former owner. Upon the dissolution of the injunction on the trial of that case in the district court, Payne & Harrison caused a second *fieri facias* to issue and again seized the land. Mrs. Waddill again enjoined the proceeding and we have the contest again before us, with a wider range of evidence that enables us to have a clearer view of the merits of the controversy.

We find that on the third of August, 1857, Ransom Graham sold to Charles J. Hester several lots or parcels of land, composed of entries at the United States Land Office of the proper district, amounting in all to about seventeen hundred acres. This sale was made on a credit for the greater part of the price of one, two and three years, from the first of January next ensuing, a part to be then paid. A special mortgage and the vendor's privilege were retained to secure the payment of the purchase money. Graham died in 1859 and his wife, Biddy Graham, became his administratrix and tutrix of her minor children. Mrs. Graham, in her said capacity, brought suit against Hester in 1861 on his obligations for the payment of the price of his purchase, and obtained judgment against him on the twenty-ninth of October, 1861, with recognition of the mortgage and vendor's privilege. The judgment was recorded the same day it was rendered. An execution followed, the land was seized and sold on the third of April, 1869, and purchased by Mrs. Waddill at the price of $600, leaving a large

balance still due on the judgment. The mortgage retained by Graham in his sale to Hester in 1857 was never reinscribed and consequently lost its rank on the third of August, 1867, as the first mortgage on the property, the succession of Graham thereafter having only a judicial mortgage, dating and taking rank from the twenty-ninth of October, 1861. Hester, to secure a large indebtedness to the house of Payne & Harrison, of New Orleans, executed two mortgages in their favor on four separate tracts of land, containing over three thousand acres, all lying in the parish of Madison, one of these tracts being the land 'he purchased from Graham in 1857. The first of these mortgages was recorded in that parish on the eighteenth of March, 1860; the second on the nineteenth of January, 1861, and reinscribed on the first October, 1869. This mortgage, dated fourteenth December, 1859, and reinscribed first of October, 1869, contains the pact *de non alienando*. It was given to secure the payment of $44,000, to be paid in two annual installments, for which six several promissory notes were given—three in amount equal to one-half the debt, payable in one year after date, and three in like manner equal to half the debt, payable two years after date. The mortgageor confessed judgment and renounced the benefit of all laws then in force in Louisiana requiring defendants to be sued in the parish or district of their domicile, and in case of legal proceedings against him to foreclose the mortgage, accepted the jurisdiction of any of the district courts of the city of New Orleans and stipulated that notice served on P. L. Mitchell or Walter Huntington, of New Orleans, of all judgments, orders of court, citations and copies of petitions, should be equally as binding as if delivered to or served on himself. Payne & Harrison, in conformity with the conditions and stipulations expressed in this act, proceeded *via ordinaria* to obtain judgment on their debt in the Fourth District Court of New Orleans on the fifth of May, 1866. By this judgment the right of mortgage was recognized and the land mortgaged ordered to be seized and sold. Execution issued on the judgment and all the lands specified in the mortgage were seized and sold, except that portion of them which Hester bought of Graham and which had been previously sold at sheriff's sale under the judgment of Graham's administratrix, and bought by Mrs. Waddill.

The plaintiff resists the claim of the defendants on two grounds:

*First*—That the pretended judgment rendered by the Fourth District Court of New Orleans is a nullity and can confer no rights upon the defendants. Plaintiff alleges as cause of the nullity that Hester, the defendant in that case, was not cited; that he never had a domicile or residence within the jurisdiction of that court; and that no service was ever made upon him or upon a legally authorized agent representing him.

*Second*—That the judgment was rendered upon notes that were prescribed.

*First*—The waiver of domicile, acceptance of the jurisdiction of the courts of New Orleans and the appointment of agents to represent ·him and upon whom citation might be served, are all acts which Hester, at the time, had the right to do. The proceedings which the defendants predicated upon the rights then accorded to them, although not resorted to until after the passage of the law of 1861, prohibiting parties from electing domicile for the purpose of being sued, were legal, because the subsequent legislative act did not impair those rights. · This question was settled by this court after able discussion by counsel in the case of Jex *v.* Keary. 18 An. 81.

The plea of prescription is not well taken. Three of the notes, amounting to $22,000, were not due until the fourteenth of December, 1861. Citation was served upon Hester's agents on the tenth of April, 1866, eight months before the term of five years expired.

After the peremption of the mortgage from Hester to Graham on the fourth of August, 1867, the defendants' mortgage, which embraced the lands purchased by the plaintiff, was first in priority of rank and spread upon the records of the parish of Madison. The land in controversy being affected by it, a valid sale of the land could only have been made by selling it for a sum exceeding the amount of the prior mortgage. This was not done and the mortgage of the defendants consequently still attaches and the property may be made subject to it.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Mr. Justice Wyly took no part in this decree

---

## On Rehearing.

Wyly, J. The plaintiff appeals from the judgment dissolving the injunction sued out by her, to restrain the sheriff from selling the tract of land described in the petition, which she claims as owner, to satisfy the judgment of Payne & Harrison against Charles J. Hester, obtained on the fifth day of May, 1866, in the Fourth District Court of New Orleans, which said judgment renders executory a special mortgage bearing on said land, given by the said Charles J. Hester, the former owner thereof, on the fourteenth day of December, 1859.

The grounds taken for the nullity of the judgment sought to be executed on the land claimed by the plaintiff are, that the Fourth District Court of New Orleans was without jurisdiction to render the judgment of the fifth of May, 1866, against Charles J. Hester, who was a resident of the parish of Madison, by reason of the act of 1861,

amending article 162 of the Code of Practice, and that the said Charles J. Hester was not legally cited.

To this the defendants reply that the citation was sufficient; that it was adjudged by the Fourth District Court to be sufficient, and whether right or wrong, that decision can only be reversed on appeal; and that if the judgment were null, the only court competent to pronounce its nullity is the Fourth District Court.

Citation is the foundation of the action, and a judgment without it or the appearance of the party sued is a nullity so absolute that it can be shown whenever and wherever it is sought to be enforced. In Simpson v. Hope, sheriff, et al., 23 An. 557, this court held that the court having jurisdiction of the parish where the defendant resided and had his domicile had jurisdiction to enjoin the execution of a judgment against him rendered without citation in another parish, and that parol evidence was admissible to show the fact. In Stevenson & Co. v. Riser et al., 23 An. 421, this court affirmed the judgment of the Second Judicial District Court, parish of Jefferson, declaring null the judgment of the Third District Court of New Orleans for want of sufficient citation. In Leblanc, Jr., & Co. v. Perraux et al., 21 An. 26, this court said: "It is well settled that a judgment rendered against a party who has never been cited nor appeared, is an absolute nullity; that a court can presume nothing with respect to a party being cited; that nothing will cure defect of citation or want of service except appearing and answering to the merits." * * * *

There is no force in the position that the sufficiency of the citation can not be inquired into, because the Fourth District Court, at the same time it confirmed the default against Hester, decided that the citation was sufficient, and no appeal was taken from that judgment. If Hester was not legally before the court, no part of the judgment was valid. If the court did decide that Hester was legally cited, as the defendants aver, but which fact does not appear in the record, it did not mend the matter, because Hester not being before the court, that judgment was not rendered contradictorily with him, and therefore did not bind him.

The main question, however, is, was Hester legally cited? If he was not lawfully before the Fourth District Court of New Orleans, the judgment of the fifth day of May, 1866, against him rendering executory the mortgage bearing on the property claimed by the plaintiff is not valid, and ought not to be executed. In that suit we find that the citation addressed to Charles J. Hester was not served on any one, the sheriff's return stating that, " after diligent search and inquiry, Charles J. Hester, the defendant herein, could not be found." *. * *

The only citations upon which that default was confirmed were ad-

98

dressed one to Walter Huntington and the other to P. L. Mitchell, and they were served upon them individually

The defendants contend that this was sufficient, because in the act of mortgage from Hester to Payne & Harrison, executed fourteenth day of December, 1859, there is the following clause, which justifies the manner of citation resorted to, to wit:

"And the said Charles J. Hester further renounces the benefit of all laws now or hereafter in force in the State of Louisiana, requiring defendants to be sued in the parish or district of their residence or domicile, and in case of legal proceedings against him for the purpose of foreclosing the present mortgage, he binds himself to accept, and he hereby expressly and formally accepts the jurisdiction of any of the district courts of the city of New Orleans, or of the district court of the parish of Madison, * * * hereby agreeing that notice served on P. L. Mitchell or Walter Huntington, of this city, of all judgments, orders of court, and likewise citations and copies of petitions, shall be equally as binding as if delivered to or served on himself."

In the petition we find the following prayer:

"Wherefore, they pray that said Charles J. Hester be made defendant and cited to answer this petition, and if not cited that the said P. L. Mitchell and Walter Huntington be cited to answer in his place and stead; that they and each of them be served with a copy of this petition, and be recognized as fully authorized to represent and answer for the said Charles J. Hester in this suit, and that the said service of citation herein, and of all other notices herein on them or either of them, be adjudged to be as binding on the said Hester as if the same had been delivered to and served on him."

In the clause of the act of mortgage quoted we fail to perceive any waiver of citation, if such could be legally made in advance when the debt was contracted; nor is there any waiver of the formalities required by article 179 C. P., to constitute a valid citation.

The agreement "that notice served on P. L. Mitchell or Walter Huntington, of this city, of all judgments, orders of court, and likewise citations and copies of petitions, shall be equally as binding as if delivered or served on himself," did not bind Charles J. Hester to waive citation, nor did it amount to a waiver of the requirement that the citation "must mention the title of the cause, the name of the defendant to whom it is addressed," and the other formalities required by article 179 C. P.

The clause appointing agents on whom citation may be served, can not fairly be construed as an agreement that there shall be no citation, or the formalities in the citation may be dispensed with.

If the citations served upon P. L. Mitchell and Walter Huntington had been served on Hester himself, they would not have been suffi-

cient to bring him legally before the court. How such citations, when served upon parties claiming to be agents of Hester, under the clause in the act of mortgage to which we have referred, can be more efficacious than they would be if served on their principal, we can not imagine.

If the rule that the "court can presume nothing with respect to a party being cited," and "that nothing will cure defect of citation or want of service except appearing and answering to the merits," 21 An. 26, is to be adhered to, we do not see how the judgment against Hester can be valid, because the only citation in the suit addressed to him was not served, and the citations addressed individually to Mitchell and Huntington were not citations to Hester. Hester's agreement that citations for him might be served on Mitchell or Huntington, might make the service in that manner valid; but it could not make valid a citation upon its face invalid. 12 L. 596.

The authorities of Cooper v. Polk, 2 An. 159, and Monition of Hall, 21 An. 692, declaring the citation for an absentee valid, if addressed either to the party or his curator ad hoc, relied on by the defendants, are not applicable to this case. Here the citation was not addressed to Hester or to a curator ad hoc, Hester being not an absentee, but a resident of the parish of Madison.

"Citation must be addressed to the defendant in the suit, otherwise it is detective and void." Bertonlin v. Bourgoin, 19 An. 360; C. P. 179, 20 ʒ; 6 L. 577; 5 N. S. 429; 18 An. 481; 21 An. 630; 17 L. 42; 2 L. 169; 7 N. S. 161; 13 An. 405; 21 An. 482.

We conclude, therefore, that the judgment of the defendants, Payne & Harrison, against Charles J. Hester, sought to be executed on the land claimed by the plaintiff, was a judgment without citation, and therefore it is an absolute nullity. 23 An. 421; 1 N. S. 9; 2 R. 512; C. P. 206.

The plaintiff, possessing the land as owner, has sufficient interest to have the nullity pronounced. 23 An. 134.

Taking this view in regard to the citation, it becomes unnecessary to examine the question of jurisdiction of the Fourth District Court, by reason of the act of 1861 amending article 162 C. P., or to consider the ruling of this court in Jex v. Keary, 18 An. 81, as to the correctness of which we express no opinion.

As to the validity of the title of the plaintiff to the land seized, it will be time enough to consider that when the defendants shall have instituted legal proceedings to subject it to their mortgage, if they have one. They will not be permitted to sell the land under a judgment found to be absolutely void, however defective and imperfect the title of the plaintiff may be.

It is therefore ordered that the decree herein of this court of thir-

teenth day of March, 1871, be set aside, and that the judgment appealed from be avoided and annulled; and it is now ordered that the injunction sued out by the plaintiff be perpetuated, and that the judgment sought to be executed be decreed an absolute nullity.   It is further ordered that the defendants, Payne & Harrison, pay costs of both courts.

Mr. Justice Taliaferro adheres to the former decree in this case

Chief Justice Ludeling recused.