Jacobs vs. M. E. L. I. Frere, Wife, et al.

## No. 908.

WILLIAM JACOBS ET AL. VS. M. E. L. I. FRÈRE, WIFE, ET AL.

|     |      |
| --- | ---- |
| 28  | 625  |
| 48  | 1418 |
| 28  | 625  |
| 50  | 674  |
| 28  | 625  |
| 118 | 496  |

One of the main questions in this case is about the validity of a citation. It is directed to Jules G. Olivier, of the parish of St. Mary, attorney in fact of Gabriel L. Fuselier: " *You* are hereby summoned to appear before the district court in and for the parish of St. Mary on the first Monday of October next, and comply with the demand contained in the petition of William Jacobs against *you* (a copy of which is hereunto annexed), or file *your* answer thereto in the office of the clerk of said court," etc. No answer was filed to this suit. Judgment by default was rendered against Fuselier and confirmed.

This judgment is null and void for want of citation. The Code expressly provides that citation must be directed to the defendant. Here it was Olivier who was cited, and it was Olivier who was ordered to file his answer to the demand which was made upon him. Admit that Olivier was Fuselier's attorney in fact, still when Fuselier is sued the citation must be directed to him, and not to his agent.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train,* J. *Tucker & Davis* and *D. Caffery,* for plaintiffs and appellants. *Fred. Gates,* for defendants and appellees.

MORGAN, J. Plaintiffs allege that they are judgment creditors of Gabriel L. Fuselier.

They institute this suit for the purpose of annulling a judgment obtained by the defendant, wife of Fuselier, against her husband, and to set aside the judicial sales of' property made in execution of her judgment.

As to Jacobs, she excepts that he is not a judgment creditor of her husband.

As to Grevemberg, the other plaintiff, she pleads the prescription of one year, and the authority of the thing adjudged.

The judgment in favor of the defendant against her husband was rendered on the third of November, 1866.

The judgment in favor of Jacobs against Fuselier was rendered on the twentieth of May, 1870, on a claim dating back to the seventh of January, 1861.

The judgment upon which Grevemberg proceeds was rendered in the suit of Fanny C. Wykoff vs. Fuselier, on a claim running back to the year 1860.

In the suit of Jacobs vs. Fuselier, Jacobs prayed that "Gabriel L. Fuselier be made a party defendant, that he be served with a copy of this petition, and that he be duly cited to appear at the next term of this honorable court to answer this demand, and that said service of citation be made on J. G. Olivier, attorney in fact of said G. L. Fuselier, the said Fuselier being absent from the State."

The citation is directed " to Jules G. Olivier, of the parish of St. Mary, attorney in fact of Gabriel L. Fuselier : " *You* are hereby summoned to

appear before the district court in and for the parish of St. Mary on the first Monday of October next, and comply with the demand contained in the petition of William Jacobs against *you* (a copy of which is hereunto annexed), or file *your* answer thereto in the office of the clerk of said court," etc. No answer was filed to this suit. Judgment by default. was rendered against Fuselier and confirmed.

The judgment is null for want of citation. The Code expressly provides that citation must be directed to the defendant. Here it was Olivier who was cited, and it was Olivier who was ordered to file his answer to the demand which was made upon him.

. This renders it unnecessary for us to pass upon the bill of exception taken to the ruling of the district judge upon his having rejected the power of attorney from Fuselier to Olivier. Admit that Olivier was Fuselier's attorney in fact, still, when Fuselier is sued the citation must be directed to him, and not to his agent.

As to Grevemberg, his action is to annul a judgment on the ground of fraud and collusion. The judgment under which he brings this suit was rendered on the third of November, 1866. All the material allegations. in his petition in this case were set up in his answer to the suit of Frère vs. Mentz, Sheriff, et al. In that suit he was cast. The judgment in that case has become final. He is, therefore, estopped from setting up the same issues again. Besides, his action is prescribed, more than one year having elapsed from the time when the judgment attacked was rendered prior to the institution of this suit.

Judgment affirmed.