Opinion of the court was delivered by
Watkins, J.
The grounds on which relator seeks relief by certiorari are that the respondent rendered against it an absolutely null and void judgment for the non-appealable sum of twenty dollars in an action for damages, at the suit of Oharles F. Ratcliff for the killing of cattle, said judgment being null because same was rendered without a legal citation upon (the relator) as required by law, and without the cause having been fixed for trial.
The petition does not specify in what respect the citation is informal or illegal; and the transcript of the cause in respondent’s court-shows that the judgment was rendered on default, subsequent to the service of citation, and after the case was set for trial. It also shows-that notice of judgment was given prior to -the issuance of execution.
But the citation was issued in the aforesaid suit, entitled Ohas. F. Ratcliff vs. Yazoo & Mississippi Valley Railroad Company, pending-in the respondent’s court, and is addressed to Stuyvesant Fish, President of Yazoo & Mississippi Valley Railroad Company, and was served “ on the Yazoo & Mississippi Valley Railroad Company, defendant herein, by leaving the same at its office, corner of Howard avenue and South Rampart streets, in the hands of M. R. Spellman,. *1418 its general agent in this city, the president and other officers being absent from the city,” etc.
Counsel for relator states the law of his case to be that citation upon which the judgment was based was absolutely null and void, because same was addressed to the president of the company, and •not to the defendant itself.
We make the following extract from counsel’s brief viz.:
“ Upon the first point it is only necessary to refer to Arts. 1077 and 179, Code of Practice, and to the case of Jacobs vs. Frere, 28 An. 625. where the court (p. 626) say: ‘ The judgment is null for want of citation. The Code expressly says that citation must be directed to the defendant * * * Admit that Olivier was Euselier’s attorney in fact, still, when Fuselier is sued, the citation must be directed to him and not to his agent.’ ”
We have examined and verified the correctness of the quotation and, as a consequence, must hold the judgment pronounced by the respondent to be an absolute nullity for want of a legal citation.
But this will not result in the dismissal of the suit of Ratcliff against the railroad company, but merely its continuance for proper citation, and service. And we will accordingly annul the respondent’s judgment reserving his right to continue the aforesaid cause in keeping with direction given in our preliminary order, viz.:
“ Without prejudice to plaintiff’s right to proceed to judgment and execution on a proper citation.”
It is therefore ordered and decreed that,'the judgment pronounced by the respondent in the case of Oharles E. Ratcliff vs. Yazoo & Mississippi Valley Railroad Company, and herein complained of, be and the same is hereby declared absolutely null and void on the ground that the citation upon which it was based is illegal, not having been directed to the defendant; but without prejudice to plaintiff’s right to proceed to judgment and execution on a proper citation — costs to be paid by the respondent.