The opinion of the court was delivered by
Breaux, J.
Plaintiff brought this action to annul a judgment rendered againBt him.
He at the same time enjoined the fi. fa. which had issued upon the judgment.
The ground was that no legal citation had ever issued and no legal service of citation had been made.
The facts are that plaintiff was a resident of the city of Monroe. His residence was destroyed by fire. Immediately after he stopped at a boarding house in that city about two weeks; it was his home *1320 during that short period, at the end of which he left for Texas, not determined whether he would remain in that State or not.
The suit was brought against him a few days after he had left for Texas.
Two citations were issued; one was directed to 0. 0. Madden, agent and attorney in fact for T. H. McPaddin, of the parish of Ouachita.
The other citation was legal in form and was properly addressed to T. EL McPaddin.
The first citation was served upon the agent and proper return was made; the second citation, the sheriff’s return shows, was served by delivering “ certified copies of petition and citation at the last place of domicile of T. H. McPaddin, defendant, situated in the parish of Ouachita, to Mrs. E. P. Newman, a person living in the domicile of the defendant, who was absent from the State temporarily at that time.”
Madden was plaintiff’s agent, with authority “ to carry on or defend at law or in equity all actions or suits.”
The citation addressed to the agent instead of the defendant was an invalid citation. The particular defect here has been considered by this court, and it has always been held that it must be addressed to the defendant.
The question was decided in Bertoulin vs. Bourgoin, 19 An. 360. The case of Arnault, Administrator, vs. St. Julien, 21 An. 630, was to the same effect; also the case of Jones vs. Jones, 23 An. 304.
This brings us to the citation served upon one living at the domicile of the defendant. The Oode requires that the citation be served at the usual place of abode of the defendant.
Sere we have noted that the return of the sheriff stated that it was served at the last place of residence of the defendant.
This is not the service ordinarily required by statute.
The facts of the case in hand are exceptional and the ground peculiar. The defendant McPaddin’s residence was unquestionably in the parish in which the suit was brought. His actual residence was that indicated in the return. Service at defendant’s last domicile is not a legal service. It should be made at his usual domicile.
But the defendant had only one domicile, and that is the domicile at which the service was made.
The facts are before us, without objection, that the last place of *1321 residence was the.usual place of residence of the defendant. In our judgment, when the word last is used to designate the usual residence, if it be the usual residence, it does not render the writ of citation fatally defective.
The distinction was clearly made in Sparks vs. Weatherby, 16 L. 594.
“So it has been held that service at defendant’s last domicile, when, he had acquired a new one in the State, is bad.” (Italics ours.)
For the purpose of application we will add by way of illustration: If in the trial of an injunction to restrain and prohibit the execution of a judgment on a similar issue to the one before us, the-evidence were to show (without objection to its admissibility), to explain a return, that defendant’s last residence was his usual residence ; we do not think in that case, that there would be cause-enough to annul the judgment.
We are well aware that the service must appear by matter of record, and that no parol evidence of it should be received; but in this case parol evidence was received without objection, showing that there had been legal citation.
Again, as illustration: If a service complained of were shown by the return to have been at domicile and not a proper service, and it were made evident during the trial, without dispute as to the admissibility of the testimony, that the service was personal and absolutely unobjectionable, the incorrect return would offer no basis to annul the judgment rendered upon a legal citation.
The illustration applies to the case before us. There is no substantial difference between it and the case in hand.
We are led to say a few words about the residence of McFaddin, the defendant in the original suit.
He had no other residence than the hotel, after the destruction of his dwelling. It was his home during the ten weeks he remained in Monroe, and when he left it, it was not made evident by the testis mony at the time that it was not his intention to return. On the contrary, he stated before leaving that he would return. He did return to Monroe from Texas a short time after, and while in the former place the evidence shows that he was informed that the suit had been brought against him. His agent, who had authority to sue and be sued, had received a writ of citation; moreover, there is evidence of record in regard to his desire to obtain extension of time. *1322 ‘for payment of the claim upon which suit had been brought at the 4ime.
It was the intention, so far as we know, to fix his domicile at the .place he stopped in Monroe.
In No. 870, Troplong examines the question, and says: “Sans •doute, d’assez grands embarras auraient pu survenir dans la pratique •si la loi eut voulue qu’on tient compte de toutes les allées et venues, •de tous les déplacements du proprietaire. Mais telle n’a j’amais été ■ sa pensée. Elle á pris pour base fixe le domicile, qui quoique doué •d’une mobilité favorable aux interets privés, ne change pas cepen-■dant par des eirconstances légéres, et est eonsiderée toujours la méme malgré les voyages et méme de longues absences.”
Here there was no prolonged absence, and the expressed determination to return.
Before this court appellee prayed for larger damages, in his •answer. We do not think that we should increase the damages allowed by the judge of the District Court.
The facts of the case and the issues as presented render it evident that the judgment should remain undisturbed in this respect also.
It is therefore ordered and adjudged that the judgment appealed from is affirmed.
Nicholls, C. J., absent; ill.