**(90 South. 581)**

**No. 24298.**

**COMMERCIAL NAT. BANK v. SMITH et al.**

(May 2, 1921. On Rehearing, Jan. 2, 1922.)

*(Syllabus by the Court.)*

1. Pleading ⬅276—Supplemental and amendatory petition before issue unrestricted by statute.

A supplemental and amendatory petition may properly be allowed prior to issue joined, amending the petition in any respect that the judge may find the interests of justice to require, whether it be to supply a cause of action where none has been alleged, or otherwise; the law being silent upon the subject, and inter-

posing only upon the joinder of issue, and thenceforward limiting the authority of the judge to cases in which the amendment allowed will not alter the substance of the original demand.

**2. Pleading ⬅370—Filing of exception of no cause of action not a joinder of issue.**

The filing of an exception of no cause of action is not a joinder of issue, and few, if any, cases are to be found where applications to amend have been denied because of its mere filing. On the other hand, few, if any, cases are to be found in which amendments have been allowed after such exceptions have been maintained.

**3. Process ⬅31—Statutory provisions as to service on attorney construed.**

While section 16 (p. 339) of Act 179 of 1918, authorizes process (save garnishment) to be served on the attorney of record of a litigant who has once appeared in a case, it does not go to the extent of authorizing citations or other process to be issued in the names of such attorneys, or of one attorney where there are two or more (not partners) employed. Though citations may be accepted by, or served on, authorized agents, they must, under the statute in question, be addressed to the defendant, or plaintiff, as the case may be.

### On Rehearing.

*(Syllabus by Editorial Staff.)*

**4. Bills and notes ⬅467(1)—Petition alleging indebtedness to plaintiff on notes held to sufficiently allege that plaintiff was holder.**

A petition alleging defendants are indebted to plaintiff on notes sued on states a cause of action, although containing no allegation of plaintiff being the holder or owner of the notes.

Monroe, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by the Commercial National Bank against R. R. Smith and others. From a judgment maintaining an exception of no cause of action and dismissing the suit, plaintiff appeals. Judgment set aside on rehearing, and case remanded.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

R. R. Smith and Nelson L. Barnes, pro se.

### Statement of the Case.

MONROE, C. J. Plaintiff has appealed from a judgment maintaining an exception of no cause of action and dismissing this suit. The petition alleges:

That R. R. Smith and Nelson L. Barnes, nonresidents, but temporarily within the jurisdiction, are indebted to it in the sum of $20,000, "represented by six notes, signed by the Tex-La-Homa Oil Corporation, less a credit of $273.65, of date February 13, 1920; all of said notes being dated at Tulsa, Okl., due 90 days after their date and payable at the Union National Bank of Tulsa, Okl., with 8 per cent. per annum interest thereon, and $500 additional, if placed in the hands of an attorney for collection, the payment of which is guaranteed by the said R. R. Smith and * * * Nelson L. Barnes. (2) Also, in the additional sum of $30,000, represented by six notes, each for the sum of $5,000, signed by the Tex-La-Homa Oil Corporation, dated March 12, 1920, due 90 days after their date, to their own order. with 8 per cent. per annum interest from maturity, payable at the Commercial National Bank of Shreveport, La., with 10 per cent. additional as attorney's fees on the amount collected, if placed in the hands of an attorney for collection, the payment of which notes was guaranteed by the said Smith and the said Barnes. (3) Also the additional sum of $25,000, represented by one note of Tex-La-Homa Oil Corporation, dated February 18, 1920, due 60 days after date, less a credit of $6,000 on March 2, 1920, and a credit of $2,148.51 on April 15, 1920, with 8 per cent. per annum interest from maturity, and 10 per cent. additional on said amount as attorney's fees, the payment of which was duly guaranteed by the said Smith and * * * Barnes, by their indorsement and guaranty on the reverse thereof, but which note was duly protested at maturity. (4) That said R. R. Smith is indebted to it in the additional sum of $37,500, represented by a note dated January 28, 1920, and due March 28, 1920, for the payment of which it holds 500 shares of the preferred, and 500 shares of the common, stock of the said Tex-La-Homa Corporation. (5) Your petition further shows that the said parties are due said amount to it in solido, and that they have demanded payment of the same in vain. Wherefore they pray," etc.

It appears from the record that on June 9, 1920, defendants appeared through their attorneys of record, moved to set aside the de-

fault which had been entered against them, and prayed for oyer of the notes sued on. On June 19 they filed exceptions of prematurity and no cause of action. On June 21 plaintiff, with leave of the court and without prejudice to the rights of defendants, filed a supplemental petition, in which it is alleged:

That in its original petition, setting forth "that the indebtedness [averred in paragraph 1] was represented by six notes, whereas * * * said indebtedness was represented by four notes due your petitioner [of] all of which it is the holder and owner, each for the sum of $5,000, copies of which are hereto annexed and made part hereof, all of said notes were duly protested for nonpayment and notice of dishonor was given to the said parties, though they were the guarantors of the payment thereof; that it also annexes hereto and makes part hereof the remaining notes sued on in said cause, all of which have been duly protested for nonpayment and notice of dishonor given to the said defendants, though, under the law, no such notice was necessary. Wherefore, it prays that this supplemental petition be allowed, and that service thereof be made on said defendants, or their attorney of record, J. L. Atkinson, and for judgment," etc.

On July 7 there was judgment maintaining the exception, after which followed a motion for new trial, the overruling of the same, and the appeal.

### Opinion.

Plaintiff's allegations that defendants owe it certain debts, represented by certain described notes made by a third person, and its failure to connect itself with the notes by alleging either ownership or possession of them, constitute a failure, in our opinion, to disclose a cause of action for the recovery of the alleged debt, since it would not be entitled to prove what it has not alleged, and, without proving that it is either the holder or owner of the notes alleged to represent the debt, there could be no recovery.

Counsel for plaintiff cite Butler v. Stewart, 18 La. Ann. 555, where, in disposing of a similar exception, it was said:

"The statement that the defendant is indebted to the plaintiff on the note virtually and substantially carries with it the idea that plaintiff is the holder and owner of the note; for if the plaintiff did not hold the note, the defendant would not and could not be indebted to him on that note."

And so the defendants herein say, i. e., that, unless plaintiff be the holder or owner of the notes sued on, they owe him nothing merely because they exist, and hence that it should allege, in order to be able to prove, that it has some interest in them. The courts have no authority to indulge in any presumption on the subject, and plaintiff is entitled to none.

In its supplemental petition, filed two days after the submission of the exception (as we understand the record), plaintiff prayed that the service of the same be made on defendants, or their attorney of record, J. L. Atkinson, and the judge a quo, in maintaining the exception, held that there had been no legal service, and declined to consider the petition.

[3] In so doing he perhaps overlooked (as he does not mention) section 16 of Act 179 of 1918, which reads:

"After suit has been brought and the defendant has appeared, through counsel, service of all other process in the suit, except garnishment process, but including supplemental petitions, should the same be allowed by the court may be accepted, by, or service made upon, the attorney of record, and the right so to serve shall remain until the attorney shall have formally withdrawn from the case under order of court; and this rule shall also apply to the plaintiff and his attorney, after suit filed."

In Mitreaud v. Delassize, 13 La. 417, plaintiff having sued for damages for alleged slander, and having failed to allege that the language complained of was false, defendant filed an exception of no cause of action, which was maintained by the trial judge, and plaintiff appealed. It was said in this court, by Eustis, J.:

"The article 419 of the Code of Practice allows amendments, under leave of the court, even after issue joined, 'provided the amendment does not alter the substance of the demand, by making it different from the one orig-

inally brought.' The amendments sought to be made in this case certainly did not alter the substance of the demand; the allegations of falsity and malice are necessarily implied in the claim for damages."

In Petitpain v. Frey et al., 15 La. 199, it was said:

"The object of article 419, of the Code of Practice was to prevent new causes of action from being put in a petition which might vary and change entirely the nature of the issue joined. * * * One of the tests for ascertaining whether the substance of a demand is changed by an amendment is to inquire whether the matter set forth in the two petitions could have been cumulated in one," etc.

[1] The question of the right to amend a petition prior to the appearance of a defendant, by way either of exception or answer, appears to be left entirely at large, and, since the law is silent upon the subject, we know of no reason why a plaintiff should not be allowed to amend in any respect that the judge finds that the interests of justice may require, whether it be to supply a cause of action where none has been alleged in the original petition, or otherwise. The law intervenes only after issue is joined and declares that thenceforward an amendment may be made, "with leave of the court," provided "it does not alter the substance of the demand by making it different from the one originally brought." And the Code of Practice further declares:

"Art. 357. The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code."

[2] The exception of no cause of action is a peremptory exception which may be filed at any time, and its filing does not put the case at issue, and the same is true of the declinatory exceptions (C. P. 358); hence there are few, if any, cases to be found in which applications to amend have ever been denied because of the mere filing of an exception of no cause of action, and equally few where such applications have been granted when made after the exceptions have been maintained. Burbank v. Harris, 32 La. Ann. 395; Hart v. Bowie, 34 La. Ann. 324; Raymond v. Palmer, 35 La. Ann. 276. We are therefore of opinion that the supplemental petition was properly allowed.

The remaining question (i. e., whether defendants are bound by the service on their attorney of record of the supplemental petition, with citation addressed to him), has also, as we think, been properly decided, although we are unable to concur in the reasons assigned for that ruling, which are: That, though the counsel of record had the right to accept service, yet, having appeared solely for the purpose of filing certain exceptions, and there being no pretence that they had accepted service, the service as made was no service at all, for according to the provisions of the act of 1918 (supra), the defendants having previously appeared through their counsel of record, service of all other process in the suit (save that of garnishment), and especially of supplemental petitions, could lawfully be accepted by, or made on, them, until they should have formally withdrawn from the case, under order of the court, which they had not done when the supplemental petition was served. It is true that the exception of prematurity and no cause of action filed by counsel on June 19 opens with the statement:

"Now into court come the defendants in the above-entitled cause, solely and only for the purposes of these exceptions, and except to the plaintiff's petition on the ground," etc.

And the pleading is signed by the attorneys of record. But, even if that were not the appearance contemplated by the statute, they had appeared in the suit, ten days before, and moved to set aside the default that had been entered against them and (by separate

motion) that they be granted oyer of the notes sued on, and both motions read in part:

"Now into court, through their undersigned counsel, come * * * defendants. * * * Wherefore (they) pray," etc.

And both motions are signed by their attorneys of record, without reservation in either of them to the effect that defendants were appearing otherwise than for all the purposes of this suit, nor does there appear to have been any withdrawal by the counsel of·record, and no order of court authorizing such withdrawal.

The objection that we find to the service upon the counsel is that in the supplemental petition plaintiff prays "that service thereof be made·on said defendants, or their attorney of record, J. L. Atkinson"; that the citation was addressed "to J. L. Atkinson, attorney of record," and returned as having been served on him, together with a copy of the supplemental petition; and that the act of 1918, does not, in our opinion, authorize that course, its provisions going no further than to authorize service of process, directed to, and intended for, defendants, to be accepted by, or made on, their attorneys of record, and not going to the extent of authorizing citations or other process to be issued in the names of such attorneys, or of one attorney where the record shows the employment of two who are not partners. We all know that firms and corporations must be cited through individuals, but we also know that the citation must be addressed to defendants in suits and not to their agents. State ex rel. Railroad Co. v. Justice, 48 La. Ann. 1417, 20 South. 911; McFaddin v. Sheriff, 49 La. Ann. 1319, 22 South. 358; Jacobs v. Frere, 28 La. Ann. 625; White Hall Agricultural College v. Police Jury, 127 La. 1027, 54 South. 337. We may remark, in conclusion, that defendants had no opportunity, in the district court, to object to the filing of the supplemental petition, since it was filed ex parte and after the hearing and submission of the exception of no cause of action. Defendants (and the judge himself) were, however, fully protected by the terms of the order permitting the supplemental petition to be filed, and defendants have availed themselves in this court of their reserved right.

·Judgment affirmed.

### On Rehearing.

BAKER, J. The plaintiff's petition reads:

"(1) That R. R. Smith, a resident of Kansas City, Mo., and Nelson L. Barnes, a resident of the city of Chicago, but now temporarily in your said parish and state, are justly and legally indebted unto your petitioner in the full sum of $20,000, represented by six notes signed by the Tex-La-Homa Oil Corporation, less a credit of $273.65 of date February 13, 1920; all of said notes being dated at Tulsa, Okl., and due 90 days after their date and payable at the Union National Bank of Tulsa, Okl., with 8 per cent. per annum interest thereon, and $500 additional if placed in the hands of an attorney for collection, the payment of which is guaranteed by the said R. R. Smith and Nelson L. Barnes.

"(2) Also in the additional sum of $30,000, represented by six notes each for the sum of $5,000, signed by the Tex-La-Homa Oil Corporation, dated March 12, 1920, due 90 days after date to their own order, with interest at 8 per cent. per annum from maturity, payable at the Commercial National Bank of Shreveport, La., with 10 per cent. additional attorney's fees on the amount collected if placed in the hands of an attorney for collection, the payment of which notes were guaranteed by the said Smith and the said Barnes.

"(3) Also the additional sum of $25,000, represented by one note of the Tex-La-Homa Oil Corporation, dated February 18, 1920, due 60 days after date, less a credit of $6,000 on March 2, 1920, and a credit of $2,158.41 on April 15, 1920, with 8 per cent. per annum interest from maturity and 10 per cent. additional on said amount as attorney's fees, the payment of which was duly guaranteed by the said Smith and Barnes by their indorsement and guaranty on the reverse thereof, but which note was duly protested at maturity.

"(4) That the said Smith is indebted unto it in the additional sum of $37,500, represented by a note dated January 28, 1920, and due March

28, 1920, for the payment of which it holds 500 shares of the preferred stock, and 500 shares of the common stock, of said Tex-La-Homa Oil Corporation.

"(5) Your petitioner further shows that the said parties owe said amount to it in solido and that they have demanded payment of the same in vain."

An exception of no cause of action was filed below, and was sustained. The grounds of this exception are not stated in the exception itself, but they are stated in the defendant's brief as follows:

"In the first place, there is no allegation that the plaintiff in this case is the holder or owner in due course, or otherwise, of the notes referred to in plaintiff's petition. There is nothing to even show that these notes were in the possession of the plaintiff company. They were not attached and made a part of the petition, nor were they filed with it.

"Moreover, the petition shows that these notes are payable at certain particular banks, yet there is no allegation that payment of the notes was demanded at these banks, all of which was a condition precedent to the right to proceed against these defendants. It is not alleged that these notes were presented for payment at the banks or that the Tex-La-Homa Oil Corporation did not have sufficient funds in such banks to pay the notes. And while the petition fails to show a cause of action, by reason of the fact that it contains no allegation that the plaintiff is the owner, holder, or possessor of these notes, it does show that the defendants did not sign these notes as makers, for it is alleged that the notes were signed by the Tex-La-Homa Oil Corporation and that the defendants guaranteed the payment; hence, if defendants were liable at all on these notes, it was in the capacity of indorsers only. * * *

"The petition having disclosed that defendants signed the notes as indorsers, it was absolutely necessary, in order to show a cause of action, to allege that defendants had notice of dishonor or nonpayment of the notes at their maturity, or that such notice was waived, and while it is true that under article 3 of the original petition in reference to one particular note, it is alleged that 'the note was duly protested at its maturity,' yet this conclusion of law amounts to nothing, and will be ignored in considering this petition, and, at any rate, such an allegation is not an averment of dishonor or notice of nonpayment to your defendant."

[4] The objection that the petition contains no allegation of the plaintiff being the holder or the owner of the notes is fully met by the decision of this court in the case of Butler v. Stewart, 18 La. Ann. 554, where the court said:

"The defendant excepted that the plaintiff does not set out any cause of action in his petition in this, that he alleged that defendant is indebted unto him on a promissory note given to W. M. D. Cauthorn; but plaintiff does not aver that the note was delivered to him, or that he is the holder or owner of the same. Plaintiff avers that defendant is indebted unto him, but does not state how that indebtedness or liability accrued to plaintiff from defendant.

"These exceptions were overruled by the court. We are of opinion that the court decided correctly.

"The petition clearly states that the indebtedness of defendant, in favor of the plaintiff, is upon this note, which is sufficiently described to advise the defendant of the cause of action. The statement that the defendant is indebted to the plaintiff on the note virtually and substantially carries with it the idea that plaintiff is the holder and owner of the note; for, if the plaintiff did not hold the note, the defendant would not and could not be indebted to him on that note."

The objection as to absence of the allegation of demand and of notice of protest is founded on the assumption that the defendants are being sued as indorsers, whereas in fact they are being sued as guarantors. For the distinction between the contract of guaranty and that of indorsement, see 20 Cyc. 1403. "An express contract of guaranty cannot, under any circumstances, be converted into a contract of indorsement." Id. The notes, by the way, are in the transcript—they having been annexed to a supplemental petition that was filed in the case—and they show that the defendants are guarantors, and not indorsers merely.

As to the supplemental petition, we reaffirm all that was said concerning it and the service of citation to it in the original opinion herein.

The judgment appealed from is therefore

set aside, and the case is remanded for trial. Defendants to pay the costs of this appeal.

MONROE, C. J. (dissenting). An exception of "no cause of action," directed against the petition originally filed herein, having been argued, plaintiff's counsel, before the court acted thereon, filed a supplemental petition, with a view of correcting the omissions in the original, to which attention had thus been drawn. The citation upon the supplemental petition was addressed to, and served on, "J. S. Atkinson, attorney of record." The trial judge held that the service was bad, for the reason that the counsel upon whom it was made had appeared specially, alleging that they did so only for the purpose of filing certain exceptions. I am of opinion that, under Act 179 of 1918, § 16, the service was good, as having been made on the attorney of record of the defendants; but I am also of the opinion that, on its face, it is insufficient to bring the defendants into court, since it is not addressed to them, and the law and the jurisprudence concur to the effect that the citation must be addressed to the defendant, and not the agent. C. P. 178, 179; Jacobs v. Frere, 28 La. Ann. 625; State ex rel. Y. & M. V. R. Co. v. Montegudo, J. P., 48 La. Ann. 1417, 20 South. 911; McFaddin v. Sheriff, 49 La. Ann. 1319, 22 South. 358; State ex rel. Tel. Ex. v. Voorhies, Judge, 50 La. Ann. 671, 23 South. 871; State ex rel. Watkins v. Land & T. Co., 105 La. 380, 29 South. 910; Bank of Monroe v. Bank, 124 La. 805, 50 South. 718, 134 Am. St. Rep. 518; White Hall & Co. v. Police Jury, 127 La. 1026, 54 South. 337. In Waddill v. Payne & Harrison, 23 La. Ann. 776 et seq., it is shown that, though an agent may be authorized to receive citation, it does not follow that a citation which is not addressed to his principal, but is addressed to the agent, will bring the principal into court.

Disregarding, then, the supplemental petition, and considering the original petition alone, I find that plaintiff there alleges that defendants (Smith and Barnes) are, in solido, indebted to it in various large amounts, "represented by" certain described promissory notes signed by the Tex-La-Homa Oil Corporation, which notes, from the description, I take to be negotiable; and it further alleges that they bear upon their backs the indorsement or guaranty of the defendants. It is not alleged, however, that plaintiff is the owner or the holder of the notes, nor are the notes annexed to, or made part of, the petition.

In support of the contention that the petition discloses a cause of action, plaintiff cites Davis v. Arkansas R. Co., 117 La. 322, 41 South. 587; Goldsmith v. Virgin, 122 La. 831, 48 South. 279; and Butler v. Stewart, 18 La. Ann. 554. In the two cases first mentioned it was held, in effect, that an exception of no cause of action should not be sustained if a judgment of some kind could legally be rendered upon the allegations of the petition, supported by evidence; but that doctrine does not apply to this case, since, though plaintiff alleges that defendants are indebted to it, it couples with that allegation the further averment that the indebtedness is represented by negotiable promissory notes, drawn by a third person, and of which plaintiff is not alleged to be the owner or holder, and thus states a case in which the alleged debt is presumably due to the lawful holder of the notes, so that, though plaintiff should prove the execution and existence of the notes, as alleged, and they may represent an indebtedness on the part of the maker to the holder, that evidence would not authorize a judgment for any amount against the one who appears neither as holder nor owner.

The ruling in Butler v. Stewart, 18 La. Ann. 555 (the third case cited), reads:

"The statement that the defendant is indebted to the plaintiff on the note [described as 'payable to W. M. D. Cauthorn, or bearer,' and hence negotiable], virtually and substantially carries with it the idea that plaintiff is the holder and owner of the note; for, if the plaintiff

did not hold the note, the defendant would not and could not be indebted to him on that note."

But that is stating the case the wrong way around, and involves a petitio principii, or begging of the real question upon which the decision depended. In other words, the statement itself concedes that the defendant, as maker of the note, could not be indebted thereon to any one but the holder, and yet, though the plaintiff does not allege that he is the holder, and hence should not be allowed to prove it, the inference is drawn that he must be the holder, because he alleges that the debt represented by the note is due to him. It is not enough, however, for a plaintiff to allege that a defendant is indebted to him; he must, in order to disclose a cause of action, allege how and why the defendant became indebted to him, and if from his allegation upon that subject it appears that, though there may be a debt, it is due to some one whom the petition does not identify, the allegation of the plaintiff that it is due to him is not to be taken as true, since it can be due to him only in the event that he is shown to be that unidentified person, and the presumption is that if he were that person he would so allege. And a fortiori is that true where, as in this case, notes are sued on which are not annexed to or made part of the petition, and are not even alleged to be in the possession of the plaintiff.

I therefore dissent, and am of the opinion that the judgment appealed from should be affirmed.