759 So.2d 806 (1999)
GUIDRY'S SEAFOOD DISTRIBUTORS, INC.
v.
FARMERS SEAFOOD COMPANY, INC., et al.
No. 99-1005.
Court of Appeal of Louisiana, Third Circuit.
December 15, 1999.
Rehearing Denied February 17, 2000.
Writ Denied May 12, 2000.
*807 David Charles LaBorde, Lafayette, LA, for Guidry's Seafood Distributors, Inc.
James Alex Mijalis, Shreveport, LA, for Farmers Seafood Co., Inc., et al.
Before SAUNDERS, WOODARD and DECUIR, Judges.
DECUIR, Judge.
Guidry's Seafood Distributors, Inc. filed this suit on open account against Farmers Seafood Company, Inc. and Alex S. Mijalis. A default judgment was entered against Farmers Seafood for $260,000.00. Attorney's fees in the amount of $65,000.00 were awarded. Farmers Seafood now appeals, alleging that it was not properly served and cannot, therefore, be subject to a default judgment.
The petition filed by Guidry's Seafood names as defendants both Farmers Seafood and Alex Mijalis. The service instruction contained in the petition reads:
PLEASE SERVE:
Defendants, Alex S. Mijalis and Farmers Seafood Company, Inc. through Alex S. Mijalis, Registered Agent, at 1197 Hawn Avenue Shreveport, Louisiana 71107
The record before us contains a citation addressed to "ALEX MIJALIS, THROUGH ALEX MIJALIS, REGISTERED AGENT." The attached service information reflects personal service "on the party herein named Alex Mijalis," on December 4, 1998. The original record does not contain any other service return. However, pursuant to a request by counsel for Guidry's Seafood, a supplemental record was prepared. It contains what appears to be a faxed copy of a citation addressed to "FARMERS SEAFOOD COMPANY, INC., THROUGH ALEX MIJALIS, REGISTERED AGENT." The noted service information shows personal service "on the party herein named Alex Mijalis," on January 4, 1999. The document is, however, incomplete and partially illegible.
Farmers Seafood argues in this appeal that because service of process was not proper, the default judgment rendered against it is not valid. Farmers Seafood relies on several nineteenth century cases in support of its position that the default judgment must be reversed: State ex rel. Yazoo & Mississippi Valley Railroad Co. v. Montegudo, 48 La.Ann. 1417, 20 So. 911 (La.1896); State ex rel. New Iberia Telephone Exchange Co. v. Voorhies, 50 La. Ann. 671, 23 So. 871 (La.1898); and McFaddin v. Garrett, 49 La.Ann. 1319, 22 So. 358 (La.1897). These cases were all brought as suits to annul a judgment rendered in a previous case.
The proper method for contesting the sufficiency of service of process is by filing an exception. La.Code Civ.P. art. 925 requires that a declinatory exception which challenges the sufficiency of service of process must be made prior to a general appearance or default judgment. Moity v. Guilliot, 466 So.2d 511 (La.App. 3 Cir. 1985); McMickens v. McMickens, 386 So.2d 972 (La.App. 3 Cir.1980). Otherwise, the exception is waived and the defendant's only recourse is to file a suit to annul the default judgment. See La.Code Civ.P. art. 2002. In the instant case, Farmers Seafood did not file a declinatory exception. Instead, Farmers Seafood has appealed the default judgment, alleging as grounds for reversal insufficiency of service of process.
Without deciding the merits of the arguments presented by Farmers Seafood,[1] we *808 conclude that it has waived its right to challenge the sufficiency of service of process. Farmers Seafood, having actual knowledge of the suit through Mijalis, could have raised the issue via exception filed prior to default judgment, or it could have brought a separate suit to annul the default judgment. Accordingly, we find no grounds for reversal, and we affirm the judgment of default entered against Farmers Seafood.
Farmers Seafood contends the trial court erred in awarding attorney's fees pursuant to La.R.S. 9:2781, as the written demand requesting payment on the open account did not correctly set forth the amount owed. Guidry's Seafood argues that at the time of the written demand the amount owed was correctly set forth ($301,802.50). Guidry's Seafood points out that additional payments were made and that the balance due was reduced to reflect the amount set forth in the petition on open account ($291,802.50). At the time the judgment was confirmed, additional payments had been credited to the defendant's account reducing the amount owed to the amount of the judgment rendered by the trial judge ($260,000.00). We have reviewed the record and find the amounts due to be correct at the various stages of the proceeding. "The amount stated in the demand letter and the amount recovered in the judgment do not have to be the same for a party to recover attorney's fees under La.R.S. 9:2781." Sears, Roebuck & Co. v. Larose, 460 So.2d 8, 9 (La.App. 1 Cir.1984). We find the trial judge correctly awarded attorney's fees and that the attorney's fees are not excessive. The award of reasonable attorney's fees is left to the sound discretion of the trial judge and should not be disturbed absent a showing of abuse of discretion. Metropolitan Reporters, Inc. v. Avery, 95-504 (La.App. 5 Cir. 11/28/95); 665 So.2d 547. We find no abuse of discretion.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant.
AFFIRMED.
WOODARD, J., dissents in part and assigns written reasons.
WOODARD, J., dissenting in part.
I respectfully dissent from that portion of the majority's opinion which affirms the trial court's award of $65,000.00 in attorney's fees.
I have reviewed the record, and it is completely silent as to how the awarded attorney's fees were proved. In actions on an open account[1] in which attorney's fees are sought, a party's entitlement to attorney's fees in a specific amount is a fact that must be proved by a preponderance of evidence like any other relevant fact.[2] As there is no evidence in the record upon which the award for attorney's fees is based, I believe the matter should be remanded to the trial court to permit Guidry's Seafood Distributors, Inc. to prove the amount of attorney's fees to which it is entitled.
NOTES
[1] But see, La.Code Civ.Proc. art. 1203, which provides, "When one person is the legal representative of several persons made defendant in the same cause, only one citation need be addressed to such representative."
[1] La.R.S. 9:2781
[2] See generally, Metro. Reporters, Inc. v. Avery, 95-504 (La.App. 5 Cir. 11/28/95); 665 So.2d 547 (A factor to be considered in an award of attorney's fees is the "extent and character of labor performed.")