ST. PAUL, J.
 

 The Constitution of 1921 (article 16, § 6, p. 115) provides that:
 

 “Lands and improvements thereon, hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for at, a price not to exceed the assessed value for the preceding year. * * * ”
 

 I.
 

 On April 29, 1922, the Mississippi river rose, burst through the levee in front of plaintiff’s property, and washed away 19 acres of plaintiff’s land before subsiding.
 

 A new levee was then built by the defendant. This leVee occupies 14.50 acres of plaintiff’s land, and leaves on the outside thereof additional 38.93 acres of plaintiff’s land, that is to say, 38.93. acres between the line of the old levee and that of the new, so that these 38.93 acres, which were formerly
 
 inside
 
 of the levee and protected thereby, are now
 
 outside
 
 the levee and
 
 in the bed of
 
 the river (R. C. C. 457); the said 38.93 acres being exclusive of, and in addition to, the 19 acres, also now
 
 outside
 
 the levee, which were washed away by the waters of the flood.
 

 II.
 

 It is shown that plaintiff’s lands were worth $180 per acre, which was not in excess of “the assessed value for the preceding year”; and plaintiff sues for, and was allowed by the trial judge, the value of said 72.43 acres, to wit, 14.50 plus 38.93 plus 19 acres.
 

 IIÍ.
 

 It is not denied that plaintiff is entitled to compensation for the 14.50 acres actually occupied by the levee itself. These were used for levee purposes.
 

 And, on the other hand, we are quite certain that plaintiff is
 
 not
 
 entitled to compensation for the 19 acres washed away by the flood waters. These are indeed destroyed; but they had already been destroyed by an “act of God,” and hence were not destroyed “for levee purposes.”
 

 IV.
 

 As to the 38.93 acres, now placed outside of the levee, we think they were “destroyed” within the meaning of the Constitution. They are now
 
 in the bed of the river,
 
 and are thus public property to all intents and purposes, and no longer available to the owner for any private purpose whatsoever. R. C. C. 453, 457. Cf. Pulley & Irwin v. Municipality, 18 La. 278; also McKeen v. Kurfust, 10 La. Ann. 523. And see, also, Bickham v. City of Shreveport, 156 La. 648, 650, 101 So. 8, 9.
 

 Our conclusion is tAat plaintiffs are entitled to-compensation for ^ these 38.93, as well As for the 14.50 acres occupied by the levee, but not for the 19 acres previously destroyed by the flood; say for 53.43 acres altogether, which at $180 per acre makes $9,617.40.
 

 V.
 

 Miss Frances Perkins intervened for the sole purpose of claiming from plaintiff, as a lien, $150 out of what plaintiff might recover herein. This was allowed her by the judgment below, and plaintiff has not appealed therefrom. That part of the judgment, therefore, will not ■ (cannot) be disturbed.
 

 
 *333
 
 Decree.
 

 The
 
 judgment appealed from is therefore amended by reducing the amount allowed plaintiff from $13,037.40 to $9,617.40 (say $9,617.40), and, as thus amended, it is affirmed at the cost of defendant in both courts.
 

 OVERTON, J., takes no part.
 

 BRUNOT, J., concurs in decree and hands down reasons.