(106 So. 571)

No. 27535.

TEXAS & PAC.–MISSOURI PAC. TERMINAL RAILROAD v. W. G. COYLE & CO., Inc., et al.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain ⬤⟹58—Expropriation; fact that railroad seeking to expropriate batture of river front can acquire only limited ownership held not ground of complaint on part of alleged owner thereof.**

In proceeding by railroad company to expropriate square of batture on river front, fact that under Const. art. 14, § 30, railroad can acquire only a limited or restricted right of ownership which will be subject to administrative authority of the board of commissioners of port of New Orleans, is matter which defendant, alleging ownership of land sought to be expropriated and objecting thereto, has no cause to complain of, especially where railroad is willing to take title and pay for it subject to restriction.

2. **Navigable waters ⬤⟹44(6)—Batture of river front belongs to riparian owner, subject to public use.**

The alluvion or batture of a river front which, although submerged during high stage of river, appears above surface at its ordinary stage, and is a continuation of the soil of shore, belongs to riparian owner, subject to public use.

3. **Eminent domain ⬤⟹58—Expropriation; that portion of batture of river front sought to be expropriated, in bed of river, held not ground of complaint on part of alleged owner of batture.**

In proceeding by railroad to expropriate batture of river front, fact, if true, that portion of batture sought to be expropriated is in bed of river, and is therefore not subject to private ownership, does not give alleged owner of batture right to complain.

Brunot, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Proceedings by the Texas & Pacific-Missouri Pacific Terminal Railroad against W. G. Coyle & Co., Inc., the Todd Shipyards Corporation, and others to expropriate certain land. Judgment for plaintiff, and defendant last named appeals. Affirmed.

Terriberry, Rice & Young and Merrick & Schwarz, all of New Orleans, for appellant Todd Shipyards Corporation.

St. Clair Adams, of New Orleans, for appellant W. G. Coyle & Co., Inc.

Dufour & St. Paul, of New Orleans (Esmond Phelps and Wm. C. Dufour, both of New Orleans, of counsel), for appellee.

Arthur McGuirk, of New Orleans, for Board of Com'rs of Port of New Orleans.

O'NIELL, C. J. This is an appeal from a judgment expropriating a square of ground in New Orleans between the levee and the Mississippi river. A part of the square is, in fact, in the river.

The plaintiff is a railroad corporation, operating terminal facilities in New Orleans, on the east and on the west bank of the river, for two trunk line railroads, namely, the Texas & Pacific Railway and the Missouri Pacific Railway. The terminal company operates transfer boats, on which it transfers both interstate and intrastate trains, carrying passengers, mail, express, and freight from one side of the river to the other. In order to move the cars on and off of the boats, plaintiff has to maintain inclines for its railroad tracks on both sides of the river. It is for the construction of one of these inclines that the plaintiff claims the need of the square of ground in this case.

The ownership of the land is in dispute; being claimed by W. G. Coyle & Co., Inc., and the Todd Shipyards Corporation and the city of New Orleans. The three claimants were made defendants in the suit, and it was agreed that the question of title, between or among them, should not be tried in this case, and that, in the event of the land's being expropriated, the compensation allowed by the jury of freeholders would be deposited into the registry of the court, subject to future litigation by the claimants of the land.

W. G. Coyle & Co., Inc., answering the suit, admitted that the plaintiff had the right to expropriate the land, and asked that the amount to be awarded by the jury of freeholders should be deposited into the registry of the court, to be paid to whom the court might eventually adjudge it belonged.

The city of New Orleans and the Todd Shipyards Corporation filed exceptions of no cause of action. The shipyards corporation pleaded also that the board of commissioners of the port of New Orleans and the Orleans levee board, as well as the city of New Orleans, should be made parties to the suit. The exception of no cause of action was maintained, but, on rehearing, it was overruled. The exception of want of proper parties was also overruled. The plaintiff did, however, have the board of commissioners of the port of New Orleans cited and served with a copy of the petition, merely to advise the board of what was going on. Plaintiff did not ask for a judgment against the board, or even ask that the board should be made a party to the suit. The board appeared and pleaded to the jurisdiction of the court ratione materiæ, averring that the question of the plaintiff's right to use the batture, or land between the levee and the river, was not a judicial question, but a political question, over which the board alone had jurisdiction. Thereupon plaintiff filed a motion, again disclaiming any intention of obtaining a judgment against the board of commissioners, or an adjudication of the right to use riparian property under section 30 of article 14 of the Constitution, and asking to strike out of the petition in this case all reference to the board of commissioners of the port of New Orleans, except to have the board deemed notified of this suit, since plaintiff had applied to the board for permission to use the property herein sought to be expropriated, and had been refused the permission on the ground that the application to the board was prema-ture. The request of the plaintiff was granted by the court, and the board of commissioners was thereby made immune from any binding effect of any judgment that might be rendered in this case. The plaintiff, at the beginning and at all stages of the case, has made its attitude plain in this, that it is not seeking to avoid the necessity of obtaining the permission of the board of commissioners of the port of New Orleans to use the land herein sought to be expropriated, but is seeking merely to expropriate the batture, as far as the riparian owner is concerned, all subject to the governing authority of the board of commissioners of the port of New Orleans, under section 30 of article 14 of the Constitution.

The city of New Orleans, answering the suit, denied the right of the plaintiff to expropriate the land.

The Todd Shipyards Corporation, answering the suit, averred that it had bought the batture which plaintiff is seeking to expropriate, and that its purpose was to build a dry dock, in the interest of the shipping and commerce of the city of New Orleans; that plaintiff had no right to expropriate any of the river front, first, because plaintiff owned ample land and had ample room for its proposed incline to the river, and, second, because the servitude established by law on the banks of navigable streams is in the interest of navigation, and is confined to vessels or watercraft, and is not allowed to railroads, and that a railroad company, therefore, cannot exercise the right of eminent domain over such land.

The jury of freeholders gave a verdict in favor of the plaintiff, expropriating the land, and fixing the compensation at $8,333.33. There is no complaint about the amount awarded.

W. G. Coyle & Co., Inc., is satisfied with the judgment, and is asking that it be affirmed. The city of New Orleans has not

appealed, and therefore acquiesces in the judgment. The Todd Shipyards Corporation alone has appealed from the decision.

Appellant contends that the exception of no cause of action should be maintained on the ground that the plaintiff is seeking to expropriate, not the right to use, but the naked ownership of property, which alone and without the right of use would be of no value or service whatever to the plaintiff, and that the right to_ use the property is vested in the public, and is under the administration of the board of commissioners of the port of New Orleans, and not subject to expropriation by the courts. In that connection, appellant contends that what is sought to be expropriated as land is in the bed of the river, and the title is therefore in the sovereign, and is not subject to expropriation or private ownership.

[1] The exception of no cause of action is founded upon appellant's interpretation of section 30 of article 14 of the Constitution, viz.:

"Section 30. Riparian owners of property on navigable rivers, lakes or streams within the limits of the port of New Orleans or within a municipality having a population in excess of five thousand (5,000) inhabitants, shall have the right to erect and maintain on the batture or banks owned by them, such wharves, buildings or improvements, as may be required for the purposes of commerce, navigation or other public purposes; provided, however, that where such owners have first obtained the consent of the governing authority of the port of New Orleans, or of the municipality as the case may be, to erect such wharves, buildings, or improvements, and same are erected in conformity to plans and specifications that have been approved by such governing authorities, such owners shall be entitled to claim just compensation for, and the said governing authorities may expropriate, said wharves, buildings or improvements whenever said improvements or the riparian front shall be required for public purposes, but where such consent and approval is not obtained no compensation shall be allowed. In all cases such wharves, buildings or improvements shall remain subject to the administration and control of the governing authorities

with respect to their maintenance and to the fees and charges to be exacted for their use by the public. Nothing herein shall deprive the levee boards of their authority with respect to levees in their respective districts or their right to appropriate, without compensation, such wharves, buildings or improvements."

Our opinion is that the provisions of section 30 have very little to do with this case. The learned counsel for appellant say that, according to the provisions quoted, the batture on the river front is not subject to expropriation at all, not even by the board of commissioners or other governing authority; that the only property that is subject to expropriation on the river front is the improvements placed there by the riparian owner with the consent and approval of the governing authority; and that even such improvements are not subject to expropriation by the courts or by any other tribunal than the board of commissioners, or other governing authority over the river front. The provisions of section 30 do not deal with the subject of expropriation of batture under the power of eminent domain. The subject dealt with is the rights and authority of the board of commissioners of the port of New Orleans, or other governing authority, over the river front, as the case may be, as far as they conflict with the authority of the riparian owners, on or over the river bank, or batture owned by the riparian owners. The section begins with an expression recognizing that the riparian owners on navigable streams own the batture or banks of such streams, for it says:

"Riparian owners of property on navigable rivers, lakes or streams * * * shall have the right to erect and maintain on the batture or banks owned by them," etc.

The fact that the plaintiff in this case can acquire only a limited or restricted right of ownership of the land—only a title that will be subject to the administrative authority of the board of commissioners of the port of New Orleans—is a matter which the appel-

lant has no cause to complain of. The plaintiff is willing to take the title and pay for it, subject to the restriction. This expropriation suit was a very appropriate proceeding on the part of the terminal railroad when the board of commissioners of the port of New Orleans refused to consider the terminal railroad's application for permission to construct the incline until the ownership of the batture should be determined. It might have been better for the board of commissioners to consider and pass upon the terminal railroad's application in advance of this suit, and to approve the application, if the board saw fit to approve it, subject to the terminal railroad's buying or expropriating the batture. But that is a matter that does not concern the appellant.

[2, 3] We are of the opinion also that appellant has no cause to complain if a part of the square that is sought to be expropriated is in the bed of the river, and is therefore not subject to private ownership. If there is a part of the square that is not subject to private ownership, and that appellant therefore does not own, the plaintiff will pay something for nothing. The evidence in the case, particularly the testimony of Colonel Lewis, of the state board of engineers, and the surveys and records of the board, convince us that the square of ground sought to be expropriated is not a part of the bed of the river, but is alluvion or batture, which, although submerged during the high stage of the river, appears above the surface at its ordinary stage, and is a continuation of the soil of the shore. Such alluvion or batture belongs to the riparian owner, subject to public use, like the banks of the river. Mathis v. Board of Assessors, 46 La. Ann. 1570, 16 So. 454; State v. Richardson, 140 La. 329, 72 So. 984; Wemple v. Eastham, 150 La. 247, 90 So. 637.

The learned counsel for appellant cite the case of Russell v. Board of Commissioners, 159 La. 330, 105 So. 361, as maintaining that all land lying between the levee and the Mississippi river is in the bed of the river, and is not subject to private ownership. All that was decided in that case, with regard to land between the levee and the river, was that, when the levee board moved the levee back or reconstructed it so as to leave a part of the riparian owner's land between the levee and the river, such land was destroyed, in the meaning of the provision in section 6 of article 16 of the Constitution that lands actually used or "destroyed" for levee purposes should be paid for. The statement in that case that the land left outside of the levee was in the bed of the river, and was therefore public property, not available to the owner for any private purpose whatsoever, perhaps went further than was necessary, and must not be construed as overruling or modifying in any way the doctrine of Mathis v. Board of Assessors, State v. Richardson, and Wemple v. Eastham, supra.

On the question of the plaintiff's actually needing this square of ground on which to construct an incline, the evidence is all in favor of the plaintiff. It is true, as counsel for appellant point out, plaintiff already has nearly half a mile front on the river adjacent to the square which is now sought to be expropriated, and has two inclines about 500 feet apart. One of the inclines, however, has been abandoned, because the river bank caved and made the situation dangerous, and the engineers have some fear for the safety of the incline that is yet in use. Aside from that condition, there is sufficient proof that the plaintiff needs another incline, because of the increased and increasing business of the Texas & Pacific Railway and Missouri Pacific Railway, and the development of the port of New Orleans. Perhaps the best proof of plaintiff's actual need for this land is that the board of directors has, by resolution, appropriated $1,535,000, and authorized its ex-

penditure in the construction of the incline and other improvements to be made on and adjoining this square of ground, worth only $8,333.33. Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.

ST. PAUL, J., recused.
BRUNOT, J., dissents.