(111 So. 619)

No. 28014.

## GREEN et al. v. BOARD OF COM'RS OF LAKE BORGNE BASIN LEVEE DIST.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain ☞82—Expropriation; levee board must pay landowners for land occupied by new levee and that thrown outside it, exclusive of that washed away by flood destroying old levee (Const. 1921, art. 16, § 6).**

Under Const. 1921, art. 16, § 6, levee board, building levee to replace one destroyed by flood, must pay landowners for land occupied by new levee, and that thrown outside levee into bed of river, exclusive of that washed away by flood.

2. **Eminent domain ☞303—Expropriation; assessed value of land, taken for levee purposes is conclusive on owners as to actual value.**

In landowners' action against levee board for value of land taken or destroyed for levee purposes, assessed value of land for preceding year is conclusive on owner as to actual value thereof.

3. **Eminent domain ☞136—Expropriation; relative worth of lands taken for levee purposes and rest of tract should be considered in determining value.**

In determining value of land taken or destroyed for levee purposes, relative worth of lands taken, as compared to that of rest of tract, should be considered, and proper allowance made for difference in values.

4. **Eminent domain ☞149—Expropriation; owners of land, of which most valuable part was taken for levee purposes, held entitled to more than proportionate percentage of assessed valuation as compensation.**

Where 1.53 acres of land taken for levee purposes was most valuable part of owners' 3.60 acres tract, being front yard of their residence, with several large shade trees, including some bearing pecan trees, owners *held* entitled to $400, in addition to 42½ per cent. of $1,080 assessed valuation of entire tract, as compensation.

5. **Eminent domain ☞112—Expropriation; landowners held entitled to compensation for cost of removing débris put on land in constructing levee.**

Owners of land taken for levee purposes *held* entitled to compensation for cost of removing débris put on land by levee board.

6. **Eminent domain ☞112—Expropriation; owners of land taken for levee held entitled to cost of repairing damages by tree trunks, etc., thrown on residence by negligent explosion of dynamite.**

Owners of land taken for levee purposes *held* entitled to compensation for cost of repairing damages by negligent explosion of dynamite charges, throwing trunks and branches of trees on their residence.

O'Niell, C. J., dissenting in part.

Appeal from Twenty-Fifth Judicial District Court, Parish of St. Barnard; J. C. Meraux, Judge.

Action by Mrs. Mary Hannah Green and husband against the Board of Commissioners of the Lake Borgne Basin Levee District. From a judgment for plaintiffs in an unsatisfactory amount, they appeal. Amended, and as amended affirmed.

Bernard Titche, Jr., and Joseph H. Brewer, both of New Orleans, for appellants.

Leander H. Perez, Dist. Atty., of New Orleans, for appellee.

ST. PAUL, J. [1] Plaintiffs were the owners of a tract of land measuring 3.60 superficial acres, assessed in 1921 at $1,080 for the land alone, exclusive of the improvements. On April 29, 1922, the Mississippi river burst through its embankments, and thereafter the defendant built a new levee, taking for that purpose a total of 1.53 acres of said land, including the land occupied by the new levee itself, and also that thrown outside of said levee and thus into the bed of the river, but exclusive of the land (0.17 acres, outside of the levee) already washed away by the flood.

That was therefore the area for which the

defendant was required to pay. Const. 1921, art. 16, § 6, p. 115; Russell v. Board of Commissioners, 159 La. 330, 105 So. 361.

### I.

[2]. In an action (such as this is) by the owner of land against a levee board for the value of land taken or destroyed for levee purposes, the assessed value of the land for the preceding year is conclusive on the plaintiff as to the actual value thereof. Boyce Cotton Seed Co. v. Board of Commissioners, 160 La. 727, 107 So. 506.

[3] And since 1.53 is exactly 42½ per cent. of 3.60, it follows that, if it involves a mere matter of arithmetic, the value of the 1.53 acres would be $459, which was the amount allowed plaintiffs by the district judge.

But in our opinion it is not a mere matter of arithmetic. It is quite true that the total value of the whole land must be taken to be its assessed value; but it does not follow that each acre of land in a single tract must be taken to have exactly the same value as every other acre therein; that acres of arable land and acres of marsh land, acres of wooded land, and acres of bare land, all have the same value; that orchards and vineyards are not to be distinguished from stonelands and pastures merely because they are all included in the one tract.

On the contrary, we think that the relative worth of the lands taken, as compared to that of the rest of the tract, should be considered, and proper allowance made for the difference in values.

### II.

[4] In the case before us the acre and a half taken for levee purposes was the front yard of plaintiff's residence, and contained several large shade trees, some being bearing pecan trees. It was much the most valuable part of the land; so much so that without that front yard plaintiffs no longer care for the place as a residence, and have given it up as such.

All this we take into consideration; but at the same time we cannot overlook the fact that one-half the land is still left, that the whole was assessed only $1,080; and that we must keep well within that limit in fixing the value of the land taken.

We have therefore concluded to add $400 to the arithmetical proportion heretofore mentioned; the figure thus reached being as nearly a fair one as any we can possibly hope to reach from the record now before us, even acting, as it were, as a jury of freeholders herein. C. Schmidt v. City of New Orleans, 160 La. 281, 107 So. 110.

### III.

[5] Plaintiffs also claim a large sum as the cost of removing the débris which the levee board is alleged to have left on the premises after finishing its work on the levee. But we are not impressed by the testimony on this point. Doubtless plaintiffs had a laborer, or laborers, at work on the premises for some time after the levee work was completed, and doubtless there was some débris to be removed; but we do not feel satisfied that the whole time of these men was occupied exclusively in removing only such débris as may have been put upon the land by the levee board. The trial judge allowed nothing for this item, but we have concluded to allow $100 therefor.

### IV.

[6] In removing trees and stumps from the land the levee board used large charges of dynamite; but apparently these charges were so negligently exploded that some trunks and branches of trees were thrown upon plaintiff's residence, and the same was thereby damaged to an extent which it required $330 to repair. The trial judge allowed this item, and the evidence seems to support it. We see no reason to make any change.

## V.

The total allowed by the district judge was $809. To this we have added in all $500 (to wit, $400 plus $100). Our judgment will therefore be for $1,309.

### Decree.

The judgment appealed from is therefore amended by increasing the amount allowed plaintiffs to $1,309, with legal interest from judicial demand until paid, and the costs of both courts, and, as thus amended, said judgment is affirmed.

O'NIELL, C. J., is of the opinion that the sixth section of article 16 of the Constitution only limits the compensation that should be paid for the land taken.