LAND, J.
 

 Plaintiff owns the ‘‘Greenwood Farm,” which contains 265 acres. The property is situated on Bayou Manchae about 15 miles southeast of the city of Baton Rouge.
 

 In October, 1926, plaintiff donated to the Louisiana highway commission a right of way 30 feet wide along the entire front of his ■ land abutting on the Jefferson Highway, official highway No. 61.
 

 In December, 1926, the commission let a contract to the Janes Contracting Company to hard surface this highway, and, during the course of this improvement, took possession of an additional 10 feet of plaintiff’s property without authority, and removed therefrom about 1,500 cubic yards of dirt to construct an enbankment from Station 712 south on the Jefferson Highway. This dirt was removed from a hill or elevation on plaintiff’s land.
 

 In the present suit, plaintiff seeks, as a main demand, to compel the commission to restore his property to its original condition, by replacing the dirt and retaining it, and by moving telephone poles and fences back on the right of way or property line.
 

 In the alternative, plaintiff claims the sum of $5,000 for the loss of his property and damage to the' same.
 

 Under exception of no cause or right of action filed in this court, the Louisiana highway commission takes the position that, as an agency of the state, it is not responsible for damages arising from torts committed by its servants while acting within .the scope of their authority or otherwise.
 

 As to the quantum of damages, the commission also contends that, if liable at all, its liability must be restricted to the value of the strip of land, and cannot be extended to the cost of replacing and retaining the dirt.
 

 In the case of De Moss v. Police Jury of Bossier Parish, 167 La. 84, 118 So. 700, 703, 68 A. L. R. 336, this court differentiated the cases in which police juries, as state agencies with only delegated powers, were held not liable for the acts or omissions of their officers from those cases in which a police jury or levee -board, as a state agency, has taken or damaged private property for public purposes without just and adequate compensation.
 

 In that ease it was held that the former cases were for purely speculative damages growing out of positive torts or acts of omission and neglect, for which there was no statutory liability imposed on the parishes.
 

 In the De Moss Case is cited Green v. Board of Com’rs of Levee Dist., 163 La. 118, 111 So. 619, in which the court held the levee board liable for removing debris from the land, and also for damages caused by negligent use of dynamite by which some trunks and branches
 
 *1099
 
 of trees were thrown upon the plaintiff’s residence.
 

 After citing also the case of McGeehan v. Board of Levee Com’rs, 165 La. 242, 115 So. 473, in which the court held the levee board liable for removing 'earth for levee purposes in case of emergency, it is said in the De Moss Case: “The Court of Appeal in that case, as in the instant one, had held that the action was one sounding in damages ex delicto, and denied recovery.
 

 “The levee boards of the state are state agencies in the same sense that police juries are, and when a police jury takes or damages private property for public purposes the parish represented by such police jury should he held liable therefor as has been the rule with respect to the levee boards, since such boards have been required to pay for property taken or damaged for public purposes.”
 

 The same rule must be applied also to the Louisiana highway commission.
 

 Section 19, art. 6, of the Constitution of 1921, as amended by Act, No. 204 of 1926, provides, among other things, that: “The Legislature * * * may provide for the purchase or expropriation of property necessary or useful for the purpose of building and maintaining highways,” etc.
 

 Section 22 of Act No. 95 of the Extra Session of 1921 also provides ¡that: “The Louisiana Highway Commission may purchase for use in the construction and maintenance of State Highways and bridges, all equipment and materials that may he needed for such purposes."
 

 Both federal (Amendment 14, § 1) and state Constitutions provide that no person shall be deprived of property, except by due process of law; and it is expressly provided in the Constitution of this state that “private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” Const. 1921, art. 1, § 2.
 

 In Scott v. Ratcliff, 167 La. 237, 242, 119 So. 33, 35, the court said: “The Constitution is the paramount law, to which all other laws must yield, and it is equally obligatory on the individual citizen and on every department of the government. When its language is clear and unmistakably 'expresses the in'tent of its framers, there is no occasion for interpretation.”
 

 We conclude, therefore, that the Louisiana highway commission is liable for the dirt •taken from plaintiff’s property without his authority.
 

 In McGeehan v. Board of Levee Com’rs, 165 La. 242, 115 So. 473, we allowed plaintiff $1.50 a cartload, or about 75 cents per cubic yard, for 311 cartloads of earth taken frorq his property.
 

 If that was “just and adequate compensation” in the McGeehan Case, quantum of damages based upon the same rule must apply equally to the ease at bar, and the demand of plaintiff for replacing and retaining the dirt must be denied and rejected.
 

 About 1,500 cubic yards of dirt were taken by the commission from plaintiff’s property, and judgment was rendered by the lower court in favor of plaintiff in the sum of $400, with legal interest thereon from judicial demand until paid.
 

 The 265 acres owned by plaintiff are assessed for $3,610, or $13.62 per acre. The testimony of experts, however, shows that the land along the front of plaintiff’s property, and at the point where the dirt was'removed, is worth $100 per acre. The strip of land involved in this case is 10 feet wide and
 
 *1101
 
 3,000 feet long, and consists of about three-fourths of an acre.
 

 The claim of plaintiff for $5,000 for the loss of this three-fourths of an acre, and damage to same is more than the assessed value of his entire 265 acres, and is manifestly inflated and excessive. Besides, plaintiff’s claim is erroneously based upon his alleged right to have the dirt restored to and retained upon this strip of three-fourths of an acre, instead of upon the value of the dirt removed.
 

 Evidence in the record shows the price of dirt to be 25 cents a cubic yard, plus one cent a cubic yard for each additional 100 feet over 500 feet.
 

 The award to plaintiff of $400 for 1,500 cubic yards
 
 of
 
 dirt will
 
 not
 
 be disturbed under this showing. In fact,\ the award cannot be reduced at all, as the commission has neither appealed nor answered the appeal, and prayed for a reduction of the amount of the judgment.
 

 Judgment affirmed.