No. 746

First Circuit

H. C. JONES & SONS v. WASCOM ET AL.

(March 3, 1931. Opinion and Decree.)

Taylor & Parker, of Baton Rouge, attorneys for plaintiffs, appellants.

A. L. Ponder, Jr., of Amite, and Nicholls Pugh, of Springfield, attorneys for defendants, appellees.

MOUTON, J. Plaintiffs alleged that in April, 1929, they entered into a contract with the school board of the parish of Livingston for the transfer of the school children in ward 1, from Clinton Allen's place to the Live Oak High School, for a period of two years from the date of their contract, at $60 per month; that, in violation of their contract, Marshall E. Wascom, president of the school board, made a private contract with Silas Hill to transfer the children over the route covered under their contract with the school board; that Silas Hill has provided him-

self with the necessary equipment for the transportation of the school children, and has given verbal notice that he is preparing to run the transfer over the route covered by plaintiff's agreement in violation of their contractual rights.

Under the foregoing allegations culled from the first petition of plaintiffs, and which substantially embody their complaint, they prayed that an injunction be issued against Marshall E. Wascom, president of the school board, and Silas Hill, temporarily, until trial could be had restraining them from operating the transfer for the conveyance of the school children over the route, hereinabove referred to, and that, after due hearing, judgment be rendered in their favor perpetuating the writ of injunction.

The only demand is for the perpetuation of the injunction, and no relief is asked for the annulment of the contract alleged to have been entered into by the school board with Silas Hill, or for the recognition and enforcement of plaintiff's alleged contract. On this original petition the court issued a restraining order, and ordered Wascom and Hill to show cause on September 6, 1930, why the injunction prayed for should not be allowed.

To these proceedings defendants interposed an exception of no right or cause of action.

The court, as appears from the minutes, maintained the exception, allowing plaintiffs ten days to amend their petition, and to make the school board a party to the suit.

Amendments to petitions have been allowed only in a few cases after judgment has been rendered on an exception of no cause of action. Commercial Nat. Bank v. Smith, 150 La. 234, 90 So. 581.

A judgment on such an exception is, however, final, must be signed, otherwise it is no judgment, and cannot be taken cognizance of even on appeal. State ex rel. Dixon v. Judge of Fifth Dist. Court, 26 La. Ann. 119; Saloy v. Collins, 30 La. Ann. 63; Texas & Pac.-Missouri Pac. Terminal R. R. v. W. G. Coyle & Co., 159 La. 1079, 106 So. 571.

As there was no judgment signed maintaining the exception interposed to the original petition, there was no judgment, and the rule does not apply, which ordinarily denies an amendment to a petition after a judgment has been rendered maintaining an exception of no cause of action.

In plaintiffs' petition, it was clearly averred that the contract had been made with the school board; the lower court therefore evidently concluded that the board should be brought in as a party defendant. The court, by the logic of the situation presented by the pleadings, treated the exception in disposing of it as one suggesting the want of proper parties, and for that reason permitted the amendment which is always allowed in the interest of justice even after issue joined, provided the substance of the demand is not changed by making it different from the one originally brought. C. P. art. 419; Commercial Nat. Bank v. Smith, 150 La. 234, 90 So. 581.

As allowed by the court, plaintiffs amended their petition making the school board of the parish of Livingston a codefendant.

The second petition is grounded, substantially, on the same allegations as those presented in the original demand, different only in verbiage, in precision, and amplitude of averments. There is, however, no alteration in the substance of the original

demand that could, in the least, alter the original demand contrary to the requirements of article 419, C. P., regulating amendments that are permissible.

It must be noted, in connection with the foregoing discussion, that defendants urged no objection to the order of the court allowing the amendment, and contented themselves by filing another exception of no cause of action to the amended petition, and the incidental restraining order therein issued by the court.

This second exception was maintained by a judgment signed by the judge.

In the second petition, the allegations of the first filed are practically reiterated with a slight difference in language and expression. They are both aimed at the same purpose; that is, to prevent the school board from permitting Silas Hill to operate his transfer over the route claimed by plaintiffs under their contract.

In the second petition, plaintiffs allege that they operated their transfer for the school children under their contract for the current year of 1929-1930, and that it was never legally canceled, and was still in full force; that in June, 1930, the Livingston school board, acting under the influence of Marshall E. Wascom, its president, undertook illegally to cancel their contract with the school board. Further, plaintiffs allege that the school board had no right to treat the contract as canceled, "or to recognize the invalid and illegal contract granted by its member, Marshall E. Wascom, to the said Silas Hill, or to permit the said Hill to operate under same or to pay therefor, or to withhold the pay of your petitioners who are now operating under the valid contract that they hold from the said School Board," etc.

In the prayer of their petition, plaintiffs ask that the school board be prohibited from treating the contract as in any wise canceled, from withholding the pay of petitioners, "and from recognizing in any way the invalid and illegal contract by its member, Marshall E. Wascom, to the said Silas Hill," etc.

In one part of the second petition, it is alleged that the contract was never legally canceled. From such an allegation it might reasonably be inferred that it was or might have been illegally abrogated. Other allegations are to the effect that the school board had undertaken to illegally cancel the contract.

In article V of the amended petition, it is alleged that the school board had no right to treat the contract as canceled "or to recognize the invalid and illegal contract granted by its member, Marshall E. Wascom, to the said Silas Hill," etc.

If this contract, illegal or not, was recognized by the school board, which was withholding the pay of petitioners, as alleged, it had certainly, from the averments of plaintiffs' petition, which must be taken as true, become the contract of the board for the transportation of the children over the route in question.

Accepting as true, as we must, the allegations of the two petitions, there was an outstanding contract for the conveyance of these children in existence between Silas Hill and the school board, invalid or not, when this injunction was demanded.

It is true that plaintiffs aver that this contract was entered into by the school board with Hill through the misrepresentations and influence of Wascom, president of the board. This attack on the contract based on misrepresentations is for a relative nullity which was subject to the administration of proof before annulment of

the agreement could be obtained. If it had been attacked as a simulation, or as being absolutely null because in contravention of law or for other legal cause, a different question might be presented. Taking the averments of plaintiffs' petition as true, there was a contract in existence under which Hill had the right to operate the transfer.

Plaintiffs have alleged no cause of action to prevent Hill from operating under his contract by injunction, without a demand for its annulment. In the second petition, likewise in the first, there is no demand for the annulment of the contract entered into by the board with Silas Hill. The demand and prayer in the two petitions are restricted solely for relief by the writ of injunction to prevent Hill from operating his truck over the route in question. Such an injunction could not legally issue until the contract with Hill was annulled or set aside, for which there is no demand.

In the body of the petitions and in the prayer, it will be observed that there is no demand that the contract of petitioners, if canceled, be reinstated, and, if not canceled, that it be enforced. There is no primary demand in the petitions to base the injunction which is an incidental proceeding.

There are cases in which injunctions have been maintained where the demand was purely for the writ. In this case, however, such relief could not be granted without a demand for the annulment of the contract between Hill and the board, or for the reinstatement of plaintiffs' contract with the board, if plaintiffs mean that it was canceled; and, if not canceled, that it be recognized and enforced.

The real cause of action was for the annulment of the Hill contract or for the reinstatement or enforcement of plaintiffs' contract with the board, but there is no demand for such relief either in the body of the petitions or prayer. Without such averments or prayer, to that effect, there was nothing to support the restraining order issued or for the perpetuation of the injunction.

The exception was properly sustained, and the case dismissed.