OVERTON, J.
 

 This is a suit for $31,950 damages, which plaintiff urges were caused her, in the year 1929, by defendant, in the construction of paved highway through her property.
 

 The damages claimed are those resulting from encroaching upon plaintiff’s land for dirt, and also for taking land from her in excess of that deeded to defendant for a right of way;, those arising by the placing of a culvert 'under the highway, connected with a ditch wrongfully constructed by defendant on her land, thereby causing water to flow on her land, to her injury; those arising from injury to the trees and shrubbery on a part of plaintiff’s property, caused by defendant, through its employees, setting fire to débris on the side of the right of way, removed from the proposed roadway, in constructing the road, and permitting the fire to spread from the burning brush over a part of plaintiff’s land: and those arising from mental anguish, pain, and suffering, resulting from the wrongful acts of defendant.
 

 Defendant, before answering, filed a motion to strike from the petition certain parts of plaintiff’s demand, consisting of that part for damages for overflowing a part of her land, and of that part for damages arising from the injury to the trees and shrubbery by permitting the fire to spread, and also an exception of no cause of action. The motion to strike out and the exception were overruled by the trial court. The theory upon which they rest is that defendant, being a state agency, is not liable for the torts of its agents and employees. As this question is involved in deciding the merits of this case, it will be considered there.
 

 The trial resulted in a judgment for plaintiff for $750, with legal interest thereon from judicial demand, until paid. Defendant has appealed, and plaintiff has answered the appeal praying that the judgment be increased to the amount demanded in her petition.
 

 
 *707
 
 The right of way for the proposed highway through plaintiff’s property was deeded to defendant by plaintiff. The proof clearly establishes that defendant, through its agents, went beyond the right of way at three points, but not to the extent urged by plaintiff. At one of these points, in order to save an oak tree, defendant ran one of the highway ditches 9 feet beyond the, right of way for a distance of 160 feet, thereby taking about
 
 yiQ
 
 of an acre of plaintiff’s property, not included in the right of way deeded. At another point, defendant removed dirt from plaintiff’s property, along the right of way, to a depth of from 6 to 10 inches by a width of 3.06 feet, and by 470 feet in length, thereby encroaching upon plaintiff’s property between
 
 yao
 
 and
 
 %0
 
 of an acre. At still another point, defendant encroached on plaintiff’s property for dirt to construct the highway to the extent of an average of 9.4 feet in width by 403 feet in length, thereby encroaching- on plaintiff’s land to the extent of something over
 
 y15
 
 of an acre. The total -of these encroachments is 6,-613 square feet, or less than % of an acre. The record does not establish any other encroachments, except the digging of a drainage ditch on plaintiff’s land. The contention that any more was taken is not established.
 

 The drainage ditch, just mentioned, was dug on plaintiff’s farm to relieve the ditches, dug along the roadway, of excessive water during rains, and was constructed without authority from plaintiff. It connects with a culvert, constructed by defendant under the roadbed. The purpose of the culvert and ditch apparently was to carry a part of the water from the main ditches through depressions on plaintiff’s farm to a creek. The ditch was constructed approximately 7% feet wide by 10 inches deep and by about 150 feet in length. The ditch, during hard rains, overflows, and, according to plaintiff’s contention, causes some 40 acres of her land to be boggy and worthless.
 

 While the evidence is conflicting as to the cause of the boggy condition of the land and vague as to the acreage affected, yet we think that it sufficiently appears that the boggy condition is partially due to the culvert and the connecting ditch. The record does not justify us in holding, however, from our appreciation of it, that more than four acres were affected, or that the land, at this point, due to its being in a depression, was worth much over $25 an acre. If more was affected, the evidence as a whole is too vague to allow it. The ditch drained only about 2.7 acres, at best.
 

 In clearing the right of way, defendant piled the débris on the side of the road under construction. It is plaintiff’s contention that defendant, through its employees, set the débris afire in order to dispose of it, and that the fire spread through 120 acres of plaintiff’s land, containing timber, consisting of pine, oak, hickory, dogwood, cedar, and evergreens. The timber was mostly small, much of it -being less than two inches in diameter. The evidence is very conflicting as to whether defendant’s employees set the brush afire, and thereby caused the destruction of, or the injury to, most of the trees. The evidence, however, preponderates in plaintiff’s favor. We think it shows that they did so,' in the construction of the highway, to dispose of the débris, which was a manner of disposing of it to which defendant’s employees frequently resorted in the absence of a request from
 
 *709
 
 property owners not to do so, but to leave it for others to carry away for firewood.
 

 Defendant is unquestionably liable for the land actually appropriated by it for public use along the right of way, and also for the land, occupied by the ditch, constructed by defendant in plaintiff’s field for like use. Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169. Defendant, however, urges that it is not liable for the damage that may have been caused to the adjoining land by the overflowing of the ditch, nor for the damage caused by setting the dSbris afire to dispose of it. It urges that it is not liable, being an agency of the state, for the torts or acts of omission or negligence of its officers, agents, or employees, in the absence of a statute making it liable; citing King v. Police Jury, 12 La. Ann. 858; Sherman v. Parish of Vermillion, 51 La. Ann. S80, 25 So. 53S; Fischer Land & Improvement Co. v. Bordelon, 52 La. Ann. 431, 27 So. 59; Bankins v. Calcasieu Parish, 116 La. 639, 40 So. 925; Gaudet v. Parish of Lafourche, 146 La. 363, 83 So. 653.
 

 The decisions cited by plaintiff are not pertinent to the facts of this case. They rest upon facts entirely different from those presented here, either in the pleadings or in the evidence adduced. They do not involve, as does the present case, damages occasioned by the execution of a work for public purposes. They are perfectly sound upon the facts and issues presented.
 

 The present Constitution, as did in substance the three preceding ones, provides that: “Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” Section 2, art. 1, Const. 1921. This provision, we think, implies that, where private property is damaged in the execution of a work for public purposes, compensation shall be paid for the damage by the public authority doing the work.
 

 The connecting of the ditch with the culvert, So as to force the water on plaintiff’s property, was an act done in the execution of a public purpose in order to relieve the highway ditches of surplus water, and defendant, though a state agency, is liable for the damage done to plaintiff’s property by overflowing a part of it- and rendering that part boggy. Likewise, the burning of the dSbris, removed from the right of way to the side thereof, in order to dispose of it, was an. act done in furtherance of the construction of a proper highway, and defendant is liable for the manner in which the work was executed, and the consequent damage to the adjoining property.
 

 We are unable to differentiate this case from De Moss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 68 A. L. R. 336, involving a demand for damages, occasioned: by the employees of the parish failing to put back a fence, which they had taken down, in widening a right of way for a public road',, thereby exposing the landowner’s crop to cattle, to his damage, or to differentiate it from the case of Green v. Board of Commissioners of Lake Borgne Basin Levee District, 163 La. 117, 111 So. 619, involving, among other demands, one for damages for negligently blowing up trees with dynamite by the levee board’s employees to the damage of a nearoy dwelling. Both of these cases support the-
 
 *711
 
 view, taken by us, on the question under consideration.
 

 The duty now remains to assess the damages. Obviously, no damages are due by defendant for mental worry caused plaintiff, if any, by its employees. The .land encroached upon along the right of way, amounting to approximately oneffifth of an acre, is worth, at best, $20. The loss of the land, occupied by the ditch in the field, including the damage to the land through which it runs, in our estimation, will be compensated for by allowing $130; and the damage to the timbered land will be fully offset by allowing plaintiff $600.
 

 The total of $750, here allowed, is in accordance with the total findings of the trial judge, whose estimate of the damage this court has taken into consideration in assessing the damages..
 

 The judgment is affirmed.
 

 O’NIELL, C. J., concurs except as to damages caused by the fire.
 

 ST. PAUL, X, takes no part.