BRUNOT, Justice.
 

 This is a suit for the alleged value of certain growing crops of cotton and corn on 500 acres of land owned by the plaintiffs and situated north of United States Highway No. 80, in Bossier parish, La. The petition alleges that the regrading, building, and paving of the highway was done under the supervision and control of the defendant; that iu
 
 *79
 
 constructing the paved highway the defendant removed the adequate bridges spanning the streams which were the natural drains that carried off the water from plaintiffs’ lands, filled the drains with a dirt roadbed, and substituted for the adequate bridges small culverts that blocked the natural flow of the water from plaintiffs’ lands to an extent which overflowed said lands. and completely destroyed the growing crops thereon.
 

 The defendant excepted to the jurisdiction of the court ratione person®, on the ground that the domicile of the highway commission is in the parish of East Baton Rouge. This exception was overruled. Thereupon the defendant excepted to the petition as not disclosing a right or cause of action. This exception was heard, maintained, and the plaintiffs’ suit was dismissed at their cost.. The appeal is from that judgment. The defendant has made no appearance in this court and has filed no brief herein. Therefore we need not consider the ruling of the court on the defendant’s exception to its jurisdiction.
 

 The appellants contend that they have been damaged by the direct acts of the highway commission and that agencies of the state are not immune from liability for damages resulting from its acts of commission, and in support of their contention they cite the following cases: DeMoss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 68 A. L. R. 336; Booth v. Louisiana Highway Commission et al., 171 La. 1096, 133 So. 169, 170.
 

 The trial judge held that the decisions in the cited cases were based upon exceptional facts. To some extent that is true, but the underlying principle on which these decisions rest is stated in the Booth Case, wherein this court said, after quoting with approval the following:
 

 “ ‘The levee boards of the state are state agencies in the same sense that police juries are, and when a police jury takes or damages private property for public purposes the parish represented by such police jury should be held liable therefor as has been the rule with respect to the levee boards, since such boards have been required to pay for property taken or damaged for public purposes.’
 

 “The same rule must be applied also to the Louisiana Highway Commission.”
 

 In the case of Nagle v. Police Jury of Caddo Parish, 175 La. 704, 144 So. 425, 427, December 22, 1932, this court held the defendant liable in damages for diverting excess water upon plaintiff’s land, and for permitting a fire its employees had ignited to spread and injure plaintiff’s trees and shrubbery. The court said:
 

 “Defendant is unquestionably liable for the land actually appropriated by it for public use along the right of way, and also for the land, occupied by the ditch, constructed by defendant in plaintiff’s field for like use. Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169. Defendant, however, urges that it is not liable for the damage that may have been caused to the adjoining land by the overflowing of the ditch, nor for the damage caused by setting the debris afire to dispose of it. It urges that it is not liable, being an agency of the state, for the torts or acts of omission or negligence of its officers, agents, or employees, in the absence of a statute making it liable; citing King v. Police Jury, 12 La. Ann. 858; Sherman v. Par
 
 *81
 
 ish of Yermillion, 51 La. Ann. 880, 25 So. 538; Fischer Land
 
 &
 
 Improvement Co. v. Bordelon, 52 La. Ann. 431, 27 So. 59; Bankins v. Calcasieu Parish, 116 La. 639, 40 So. 925; Gaudet v. Parish of Lafourche, 146 La. 363, 83 So. 653.
 

 “The decisions cited by plaintiff are not pertinent to the facts of this case. They rest upon facts entirely different from those presented here, either in the pleadings or in the evidence adduced. They do not involve, as does the present case, damages occasioned by the execution of a work for public purposes. They are perfectly sound upon the facts and issues presented.
 

 “The present Constitution, as did in substance the three preceding ones, provides that: ‘Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public, purposes and after just and adequate compensation is paid.’ Section 2, art. 1, Const. 1921. This provision, we think, implies that, where private property is damaged in the execution of a work for public purposes, compensation shall be paid for the damage by the public authority doing the work.
 

 “The connecting of the ditch with the culvert, so as-to force the water on plaintiff’s property, was an act done in the execution of a public purpose in order to .relieve the highway ditches of surplus water, and defendant, though a state agency, is liable for the damage done to plaintiff’s property by overflowing a part of it and rendering that part boggy. Likewise, the burning of the debris, removed from the right of way to the side thereof, in order to dispose of it, was an act done in furtherance of the construction of a proper highway, and defendant is liable for the manner in which the work was executed, and the consequent damage to the adjoining property.
 

 “We are unable to differentiate this case from DeMoss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 68 A. L. R. 336, involving a demand for damages, occasioned by the employees of the parish failing to put back a fence, which they had taken down, in widening a right of way for a public road, thereby exposing the landowner’s crop to cattle, to his damage, or to differentiate it from the case of Green v. Board of Commissioners of Lake Borgne Basin Levee District, 163 La. 117, 111 So. 619, involving, among other demands, one for damages for negligently blowing up trees with dynamite by the levee board’s employees to the damage of a nearby dwelling. Both of these cases support the view, taken by us, on the question under consideration.”
 

 Upon the facts alleged in the petition and the cases from which we have quoted, we think the defendant’s exception of no right and no cause of action should have been overruled. It is therefore decreed that the judgment appealed from be avoided, that the defendant’s exception of no right and no cause of action be overruled, and that this case be remanded to the district court to be proceeded with according to law and the views herein expressed, the costs of the appeal to await the final judgment.