168 So.2d 840 (1964)
Mrs. Marion G. KENDALL, Plaintiff-Appellee,
v.
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, and Atlas Construction Company, Inc., Defendants-Appellants.
No. 10268.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1964.
Rehearing Denied December 1, 1964.
*841 Fred W. Jones, Jr., Ruston, for appellant.
Robt. J. Jones, D. Ross Banister, Philip K. Jones, Norman L. Sisson, Robert J. Jones and Wm. J. Doran, Jr., Baton Rouge, for appellant State of Louisiana, Dept. of Highways.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for third-party defendant-appellee Atlas Const. Co.
Before HARDY, GLADNEY, and AYRES, JJ.
GLADNEY, Judge.
Mrs. Marion G. Kendall, the owner of certain property in Lincoln Parish, instituted this suit against the State of Louisiana, *842 through the Department of Highways and its contractor, Atlas Construction Company, Inc., claiming property damage allegedly due to the operation of defendants during the years 1960, 1961 and 1962 in connection with the construction of Interstate Highway 20 in the vicinity of plaintiff's property. The Department of Highways filed an exception of no cause of action and subsequently filed an answer and third party petition in which it named its contractor Atlas Construction Company, Inc. as a third party defendant. The contractor filed an answer of denial to the main demand and to the third party demand and also filed pleas of prescription and estoppel directed at the main demand. The exceptions and pleas were referred to the merits of the case. Following trial judgment was rendered awarding damages in favor of the plaintiff in the sum of $6,500.00 against the Department of Highways but rejecting plaintiff's demands against the contractor. The Department of Highways has appealed and the plaintiff has answered the appeal seeking an increase in quantum.
The facts are not in material dispute, many of which were agreed to by the parties through stipulation. During the year 1960 Atlas Construction Company, Inc., the contractor herein involved, commenced the construction of the roadbed of Interstate Highway 20, the right-of-way for which passed some 400 yards distant from the nearest point of plaintiff's estate. Plaintiff had constructed on her property an artificial lake of some seven or eight acres in size and had built thereon her home for the purpose of enjoying the view and water sport activities. Photographs filed in the record disclose that unquestionably the lake contained much natural beauty and afforded a source of pleasure and recreation to the plaintiff.
The lake was maintained at proper level by water fed into it by a natural drainage ravine which crossed the right-of-way of said highway. A large fill was required. After the roadbed was being constructed to grade, the soil being of a sandy nature, much of it was washed into the natural drain and made its way into the lake owned by plaintiff. The latter upon discovering that fish in the lake were beginning to die, investigated, and determined that this unsatisfactory condition was due to the silting or filling of said lake with soil coming from the highway construction. When matters continued to get worse plaintiff drained the lake and found that the same had become so filled that it would require an expenditure of not less than $5,500.00 to restore it to its regular and normal condition.
The Department of Highways, appellant, made no formal assignment of errors in its brief, however, its principal contention seems to be that the trial court erred in not sustaining the exception of no cause of action and, in predicating liability on the "or damaged" provision in Article 1, Section 2 of the Louisiana Constitution, LSA.
Article 1 Section 2 of the Constitution of Louisiana provides:
"No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."
The trial court in its "Reasons for Judgment" stated: "The evidence is clear that in the construction of Interstate Highway No. 20 and in the performance of its governmental function in the construction of said highway damage was inflicted upon the property of the plaintiff and the plaintiff is entitled to recover for that damage, regardless of whether we place her demand upon the basis of Article 667 of the LSA-Civil Code or upon the requirement of the Constitution that the State pay damages to those whose property it has damaged in carrying on its public work.
*843 "We say that it makes no difference which of the two legal provisions we follow as a basis for liability as to the State."
We are in agreement with the trial judge's conclusion. Regardless of whether the cause of action arose out of Articles 2315 or 667 of the LSA-Civil Code, whenever a governmental agency engages in an undertaking with a public purpose and public benefit which directly results in a damaging of private property the "or damaged" provision of the above quoted constitutional article is self-operating and creates a cause of action.
Authority for the above stated legal principle is to be found in Murff v. Louisiana Highway Commission, 19 La.App. 847, 140 So. 863 (2nd Cir.1932); Jarnagin v. Louisiana Highway Commission, La.App., 5 So.2d 660 (2nd Cir.1942); Nagle v. Police Jury of Caddo Parish, 175 La. 704, 144 So. 425 (1932); Dickinson v. City of Minden, La. App., 130 So.2d 160 (2nd Cir.1960); Connolly v. Louisiana Highway Commission, 177 La. 78, 147 So. 505 (1933).
In Murff v. Louisiana Highway Commission, after a discussion of numerous authorities this court said:
"It seems clear from the above decisions that when the Louisiana highway commission, functioning as a state agency, constructs a road for public purposes and public convenience, and by doing so causes damage to private property, that it must pay just and adequate compensation, and that the owner of the private property damaged has a right and cause of action against the Louisiana highway commission." [140 So. 863, 866]
This Court discussing the Constitutional provision in the case of Jarnagin v. Louisiana Highway Commission stated:
"We are of the opinion that a physical invasion of real property or of a real right is not indispensable to the infliction of damages within the meaning of the constitutional guaranty under discussion. If the public improvement, as a consequential effect, has caused special damage to property, such as is not sustained by the public or the neighborhood generally, whether it abuts the improvement or not, an action lies to recover. This is true although the improvement be made by an agency having lawful authority so to do. * * *" [5 So.2d 660, 664]
The Supreme Court in Nagle v. Police Jury of Caddo Parish held:
"This provision (Section 2 Article 1 Const.1921) we think, implies that, where private property is damaged in the execution of a work for public purposes, compensation shall be paid for the damage by the public authority doing the work.
"The connecting of the ditch with the culvert, so as to force the water on plaintiff's property, was an act done in execution of a public purpose in order to relieve the highway ditches of surplus water, and defendant, though a state agency, is liable for the damage done to plaintiff's property by overflowing a part of it and rendering that part boggy. * * *" [144 So. 425, 427]
In Dickinson v. City of Minden, recovery was allowed for property damage resulting from street improvements caused by altering the course of an existing stream which caused erosion of a building foundation. The court stated in that case:
"We are * * * convinced that this work directly caused a serious erosion of the soil which necessitated the removal of the building. The grassy banks of the stream which theretofore had substantially protected the foundation of the building against dangerous erosion were denuded, earth removed from beneath the building, used in the construction of the temporary earthern dam, and, as a consequence, the raw earth had been exposed to the effect of *844 a heavy current of the stream itself, caused by excessive rainfall. Under these circumstances it must be concluded that the work of defendant as it was actually performed was responsible for the erosion and resultant undermining of the foundations of the building." [130 So.2d 160, 164]
The principles enunciated in the above quoted cases covers factual situations analogous to the one that confronts us in this case.
An examination of authorities cited in the appellants' brief disclose that they are apropos to governmental immunity, estoppel or prescription and are not pertinent to the issues under consideration. The defense of vis major although urged in brief has not been established.
After careful consideration of the record and authorities it is our opinion that the trial court was correct in overruling defendants' exception of no cause of action. Furthermore we agree with the statement of the trial court that: "We have examined the contract between the State and its contractor, and although that contract provides for the damages to adjacent property, it is evident, from a reading of the contract, that this responsibility exists solely where such injury or damage has been at the fault or negligence of the contractor, and it is not intended to apply in a situation as that now before the court. * * *" In consequence, the demands sought to be asserted against the contractor must fail.
Further, as to quantum, the trial court appropriately commented: "The law relating to such expropriation cases is intended to be rather lenient and expansive so that the courts have not tied themselves completely to any fixed rule in arriving at particular value, for each case often rests upon its own facts and circumstances. In the case before the court the lake which has been destroyed, or ruined, was an artificial lake. * * * It was as much an improvement on the land as the home which she had built adjacent to it and overlooking the beautiful little lake." The court awarded the plaintiff $5,500.00 representing the cost of repairing the lake and $1,000.00 for the loss of the use and enjoyment of the lake. The proper method for computing damages arising under Article 1 Section 2 of the Constitution is pronounced in Beck v. Boh Bros., Const. Co., La.App., 72 So.2d 765, (Orleans 1954) as follows:
"In connection with this argument we also notice that it is clearly stated in the petition that the claim is made for the cost of repairing the damage which is alleged to have been sustained and not for the diminution in the market value of the property which should be the basis of the claim under the constitutional provision relied on. Under this provision, where property is damaged, the compensation which is provided for is the depreciation in value and not the cost of making repairs. This was plainly held in Aleman v. Sewerage and Water Board, 196 La. 428, 199 So. 380." [72 So.2d 765, 768]
Conceding that the above quotation is the general rule for computing damages under this constitutional provision, it does not follow that the trial court was manifestly in error in determining the value of the damage.
In this case the property damaged (a private artificial lake) is somewhat unique. There is no comparable property located within the area to determine how much the property would be worth on the open market due to the possession or absence of the lake. Fair market value is the price paid as between a willing buyer and a willing seller under normal conditions and circumstances. This court finds that the lake appreciably adds to the market value of the property involved and in absence of comparable values with which to base a true fair market value, the trial court did not err in establishing the value at the cost of restoration in light of the facts and circumstances of the case. Central *845 Louisiana Electric Company v. Harang, La. App., 131 So.2d 398 (1st Cir.1961).
We are of the opinion, however, the trial court erred in granting one item of damages, $1,000.00, for the loss of use and enjoyment of the lake. The jurisprudence seems clear that consequential injuries to the owner which have no effect on market value are damnum absque injuria and not compensable. Nagle v. Police Jury of Caddo Parish, 175 La. 704, 144 So. 425 (1932); Jarnagin v. Louisiana Highway Commission, La.App., 5 So.2d 660 (2nd Cir. 1942).
Accordingly, the judgment of the trial court is amended by reducing the damages awarded plaintiff to $5,500.00 and as amended, affirmed.